Daniels, J.
The appellant presented a verified claim to the defendant as administratrix of the estate of Samuel Ogbourn, deceased. It was disputed by her, and by agreement, with the consent of the surrogate, it was referred to a referee. He reported in favor of the defendant, and the appeal has been brought from the judgment entered upon his report. No question has been made as to the regularity of the appeal, and for that reason the case may legally be determined upon its merits. The plaintiff was the guardian of the intestate, who became of age in July, 1819, and died on or about the 11th of February, 1882. His estate consisted of a bond and mortgage on real estate, which was delivered by the claimant to the administratrix, and it was for his commissions, expenses and advances, as general guardian that the action was brought. To sustain the claim reliance was placed upon a decree of the surrogate of Queens county, but this decree was not recovered in a proceeding to which the defendant was made a party as administratrix of the estate, as that was required for the purpose of charging her in that capacity under section 1814 of the Code of Civil Procedure. The petition for the accounting was against her individually as the only person interested in the estate of the intéstate, and the citation issued by the surrogate was to her individually and not as the administratrix of the estate. She did not appear as administratrix in the proceeding, but individually through another person applied for and obtained an adjournment of *101 the hearing, at which time the decree was taken without any further interposition on her part. And this decree was held by the referee not to be sufficient to establish her liability 'to pay the plaintiff’s claim as administratrix. That point was previously considered in Fisher v. Hubbell (65 Barb., 74), where it was decided by the court that to bind the estate of a deceased party the proceeding must be against the personal representative as such. This was not such a proceeding, and as the defendant was in this proceeding proceeded against as administratrix the decree did not establish the right of the claimant to recover against her in that capacity.
Some evidence was given tending to establish an overpayment by the claimant of $117.62, but when, or under what circumstances, or why the alleged payment was made, was not proven upon the hearing and the evidence proposed to be given to prove it was excluded upon the objection of the claimant, and this part of the demand therefore failed to be so established as to entitle the claimant to its allowance by the decision of the referee. For the commissions, an accounting and settlement of the estate is a necessity. And as that can only be properly bad by making the administratrix a party to it, a new proceeding for that object requires to be instituted. As the case was tried, there was no legal evidence before the referee upon which the claimant could recover in the proceeding, and it was the duty of the referee to dismiss the proceeding as he did. But as the case was entirely devoid of evidence, neither the report nor the judgment should have determined this dismissal to have been on the merits. To that extent the decision is unsupported and the judgment should be modified by confirming it as a mere dismissal of the proceeding, and as so modified affirmed, without costs to either party.
Brady, J., concurs.