THE TRUSTEES OF THE FIRST SOCIETY OF THE METHODIST EPISCOPAL CHURCH OF THE TOWN OF PULTNEY *vs.* RICHARD S. STEWART and others.

No one can be both plaintiff and defendant, in an action. A party cannot have a right of action against himself either as debtor or tort-feasor.

A trustee of a religious society cannot be sued by his co-trustees, as a trespasser, in respect to the property of the society, until he has been divested of his character and authority as trustee. His possession is the possession of his co-trustees, and his right equal to that of the others.

A majority of the trustees cannot, by any rule or resolution which they may adopt, exclude one of their number, and so divest him of his rights as to make his subsequent act of obtaining possession of the trust property, a tort.

APPEAL from a judgment of the county court of Steuben county, affirming the judgment of a justice of the peace. The action was commenced in a justice's court, to recover the possession of a quantity of Sunday School books, alleged to

have been wrongfully taken by the defendants, from the house of worship of the Methodist Episcopal Church of the town of Pultney, such books being the property of that society. It was proved on the trial, that at the time of the taking of the property, the defendant Stewart was one of the trustees of the society; the other trustees being A. L. Parker, W. A. Parker, George Stewart, A. Parker, H. H. McConnell and L. Parker. The taking of the books by the defendants was proved. It was also proved that, previous to the taking of the books in question, by the defendants, a majority of the trustees had passed a resolution, forbidding all persons, trustee or trustees, from opening the church for any purpose whatever, without the consent of a majority of the trustees. The justice denied a motion for a nonsuit, and the jury found a verdict in favor of the plaintiffs for $10 damages: for which sum, with $5 costs, judgment was rendered by the justice.

*B. Bennett,* for the appellants.

*Clark Bell,* for the plaintiffs.

*By the Court,* JOHNSON, J. It is a good answer to an action that a party is legally interested on each side of the question. No party can be both plaintiff and defendant in an action. (1 *Chit. Pl.* 46. *Blaisdell* v. *Ladd,* 14 *N. Hamp. R.* 129.) And this answer could always be given under the general issue. (*Hammond* v. *Teague,* 6 *Bing.* 197.)

The action here was in the name of the trustees, of which the defendant Stewart was one, as was clearly proved on the part of the plaintiffs. He was therefore a plaintiff as well as a defendant. Trustees, in law, are but a single person. (*Brinckerhoff* v. *Henkle,* 1 *Wend.* 470.) And it was expressly held in *Blaisdell* v. *Ladd,* that an action at law cannot be maintained, where the same person is one of the trustees, who are plaintiffs, and also sole defendant, or one of several defendants. A party can have no right of action against himself,

either as debtor or tort-feasor. It was claimed, upon the argument, that the action was in fact by the corporation, against the defendants. But it appears on the record to be in the name of the trustees.

Besides this, trustees of a religious society have possession and custody of the temporalities of the church, whether real or personal estate, and are the proper parties to bring an action for any injury to either. (*Green* v. *Cady,* 9 *Wend.* 414. *The People* v. *Runkel,* 8 *John.* 364. *S. C.* 9 *id.* 147.)

As a general rule, a *cestui que trust* cannot sue, in courts of law, his trustee, (1 *Chit. Pl.* 69,) or, indeed, a third person, except a mere wrongdoer, and for an injury to the actual possession of the *cestui que trust.* The defendant Stewart, being one of the trustees, could not be sued by the trustees, as a trespasser, in regard to the trust property, until he had been divested of the character and authority with which the law clothed him, in virtue of his office. His possession was the possession of his co-trustees, and his right equal to that of the others. It is impossible, in the nature of things, that a majority can, by any rule or resolution which they may adopt, exclude one of their number, and so divest him of his rights as to make his subsequent act of obtaining possession a tort. All are in possession, while any are, as there can be no several possession amongst trustees. The justice should have granted a nonsuit, as the defendant put his motion distinctly upon the ground that being a trustee he could not be sued by the trustees. It is clear enough from the case, that the justice must have placed his decision upon the legal ground that such an action could be maintained. In this he was in error. It is unnecessary to notice any other questions in the case. The judgment of the county court, and of the justice, must be reversed.

[CAYUGA GENERAL TERM, June 7, 1858. *Welles, Smith* and *Johnson,* Justices.]