FISHER, administratrix, etc., *et al.*, v. HUBBELL, executor, etc., *et al.*, appellants.

*Parties — action by legatee against debtor of estate.*

The plaintiffs were legatees under the will of C. E. B., a son of A. B.   A. B. died prior to C. E. B. leaving a will.   One of the defendants was sole executor under the will of C. E. B., and also administrator *de bonis non* of the estate of A. B.   Plaintiffs brought action as creditors of C. E. B., for a construction of the two wills of A. B. and C. E. B., alleging that the estate of C. E. B. was entitled to a portion of the estate of A. B. under his will.   The action was brought against the defendant as executor, etc., of C. E. B., and not as administrator of A. B.'s estate.

*Held*, that the plaintiffs could maintain an action for the construction of the will of A. B., and that they could sue jointly as creditors having claims of equal degree.   That the defendant being the representative of both estates could not bring action in behalf of the estate of C. E. B. against that of A. B., and therefore stood in a position equivalent in its effect to a fraudulent collusion or refusal to sue, and a creditor or legatee of C. E. B. was entitled to an action against the other estate.

It was necessary to join the defendant as administrator, etc., of A. B.   Suing him as executor of C. E. B. was not sufficient.

It is not sufficient that the party who is the representative be a party to the suit, but he must be made a party distinctly in his representative character.

APPEAL from an interlocutory order made at the Erie county special term, determining the rights of the parties in an equity case. The facts appear in the opinion.

*H. R. Selden,* for appellant.

*W. W. Rowley* and *De L. Crittenden,* for respondents.

TALCOTT, J.   Albert Banta, a resident of the county of Ontario, died there prior to February 10, 1864, leaving him surviving Sarah Banta, his widow, and his two sons and heirs at law, Charles Edward Banta, and Stanley A. Banta.   He also left a last will whereby he appointed the said Sarah Banta, his widow, sole executrix.   Charles Edward Banta, one of the sons of said Albert, died in September, 1864, leaving a last will whereby the defendant George Hubbell was appointed his sole executor.   Mrs. Sarah Banta proceeded with the execution of the will of Albert Banta until October, 1870, when she

died. And thereupon the defendant George Hubbell was duly appointed administrator *de bonis non* of Albert Banta, with the will annexed. The plaintiffs are legatees of Charles Edward Banta, the son of Albert Banta, and they have commenced this suit upon .he ground that as such legatees they are creditors of the estate of Charles Edward Banta, and they claim: First. That the estate of Albert Banta is indebted to the estate of Charles Edward Banta, inasmuch as they say that by the true construction of the will of Albert Banta, his real estate was in equity converted into personalty as of the time of the testator's death, and. therefore that the share or proportion of that estate to which, under the will of Albert Banta, his deceased son Charles Edward was entitled, was personal property due, and which ought to be paid over to the said Hubbell as the executor of said Charles Edward, to an extent sufficient to satisfy the balance due to said legatees. Second. The plaintiffs claim that if, by the true construction of the will of Albert Banta, the real estate was not converted into personalty, but that Charles Edward took his proportion of the same as realty under the provision of the will, then that the legacies to which the plaintiffs are entitled under the will of Charles Edward were, by the true construction of the latter will, charged upon the real estate of the said Charles Edward, and to be paid out of the same as against Stanley A. Banta, the living son of Albert Banta and the residuary devisee and legatee under the will of Charles Edward Banta. The case it will be seen thus involved the construction of the two wills in question. The justice who tried the cause has determined both the propositions above stated in favor of the plaintiff.

We think the plaintiffs have a right, under the circumstances of this case, to maintain an action for the general purposes and objects which the plaintiffs seek in this suit. Under particular circumstances, a creditor of an estate of a deceased person may maintain an action to collect his debt from a debtor to the estate.

"A person is not properly a party to a suit between whom and the plaintiff there is no proper privity or common interest, but his liability, if any, is to another person. This may be illustrated by the common case of a bill brought by a creditor against an executor or administrator for payment of his debt out of the assets. To such a bill, a debtor to the estate is not ordinarily a proper party, because his liability is solely to the executor or administrator. But if a special case is made out, such as collusion between him and the

executor or administrator or insolvency of such personal represen-
tative, then, and in that case, the debtor may be made a party as a
means of uprooting the fraud or of securing the property." Story's
Eq. Pl., § 227; *Newland* v. *Champion*, 1 Ves. 105; *Dorand* v.
*Simpson*, 4 id. 651; *Alsayer* v. *Rowley*, 6 id. 748. Where the exec-
utor is a partner in a firm which is indebted to the estate, in such
a case the debtor may be made a party to the suit of the creditor
for an account of the assets and for payment of his debt. *Gedge* v.
*Traill*, 1 Russ. & M. 281. So where the personal representative of
the testator refuses to sue, any person beneficially interested in the
estate as legatee has a right to institute a suit respecting such assets.
*Wilson* v. *Moore*, 1 Mylne & Keene, 127, 442. Here the executor of
Charles Edward Banta, whose duty it is to see to the collection of
the assets of the estate of which he is executor, and to pay over
the legacies, is also the administrator *de bonis non* of the estate
which is claimed to be the debtor of Charles Edward Banta's estate.
He cannot, as executor of Charles Edward, sue himself as adminis-
trator of Albert. *Trustees, etc.,* v. *Stewart*, 27 Barb. 553. So that
without the necessity of imputing any fraudulent collusion or neg-
lect, he stands in a position which is equivalent in its effect to a
fraudulent collusion or a refusal to sue, and we think it is a case
which falls within the reason of the exceptions recognized in the
cases cited. If the plaintiffs can maintain the action at all, it seems
to be clear that they may call for the construction of the will of
Albert Banta, since such a construction is necessary to the deter-
mination of the question whether the estate of Albert Banta is in-
debted to the estate of Charles Edward. It seems, also, to be clear
that if the plaintiffs may maintain the action at all, they may join
in the same as creditors having claims of equal degree and under
like circumstances. Barb. on Parties, 385; Story's Eq. Juris.,
§§ 532–538; *Lentilhon* v. *Moffat*, 1 Edw. Ch. 451. But that the per-
sonal representative of the estate of Albert Banta is a necessary
party to the suit, there can be no doubt. If the estate of Albert
Banta was by his will converted out and out into personalty, the
personal representative is the party to account, and an account must
be had between the two estates, consequently the decretal order,
which the justice at special term has made, requires the defendant
Hubbell to render an account as administrator of the estate of
Albert Banta. Story's Eq. Pl., § 102. Without, therefore, the pres-
ence of the personal representative of Albert Banta as a party, the

suit is wholly fruitless and nugatory. Though George Hubbell is made a party defendant to the suit, it is solely and distinctly as the executor of Charles Edward Banta, and as such only has he appeared and answered.

To bind the estate of a deceased party, or to authorize any decree for an account against the same, it is not sufficient that the party who is the representative be a party to the suit, but he must be made a party distinctly in his representative character. This suit, therefore, is wholly defective, and for want of the presence of the personal representative of Albert Banta cannot proceed to a decree against his estate, nor is any part of the order appealed from or any determination therein contained binding upon such estate. The order appealed from must, therefore, be reversed and the case remanded to the special term, with leave to the plaintiffs to apply there for permission to amend their complaint by bringing in George Hubbell as administrator *de bonis non*, with the will annexed, of Albert Banta, and also for permission to amend the complaint as to such other defects of form as they may be advised. All upon such terms as in the discretion of the special term may be deemed just.

As this defect of parties was apparent on the face of the complaint, and as no demurrer was interposed and apparently no suggestion of the defect was made until the argument of the appeal, neither party is to have costs of the appeal. The order will be :

Order appealed from reversed, action remanded to the special term, with leave to the plaintiffs to apply there for permission to amend their complaint by bringing in as a party defendant George Hubbell as administrator of the estate of Albert Banta, and to amend the complaint in regard to such other defects of form as they shall be advised, upon such terms as may be deemed just.