In the Matter of the Judicial Settlement of the Accounts of Executors, etc., of FREDERICK D. HODGMAN, Deceased.

H. died leaving a will by which he devised to his wife certain real estate and gave to her $50,000, which, the will stated, "may be invested in bank stock, Fort Edward and Wyoming, Iowa and in bonds," the legacy and devise to be accepted "in full * * * for her dower or thirds which she may or can in anywise claim or demand." The legacy was directed to be paid as soon after the testator's death "as convenient" to his executors. The widow was appointed executrix and three others executors. About sixteen months after letters testamentary were issued the widow received $50,000, mostly in the bank stock referred to, the balance in cash, and she gave a receipt "for the amount of the legacy." Upon settlement of the account of the executors, the widow claimed dividends which had been received by the executors on the stock transferred to her. *Held*, untenable, as the legacy was not specific but general.

Also *held*, that the widow was not entitled to interest, as nothing in the case indicated that the payment of her legacy was unduly postponed.

The widow also made a claim for commissions as executrix; she took no charge of the estate, and in the progress of a settlement between the parties interested she was paid and accepted $353, which she described as "my fee as executrix of said estate." *Held*, that this allowance having been approved by the surrogate and the General Term, would not be reconsidered here.

The widow claimed as distributee a share in certain lapsed legacies. *Held*, untenable; that any such right was lost when she elected to take the provision made for her.

The widow alone appealed. *Held*, that beyond the questions considered, which affected her individually, she had no authority to proceed on the appeal as champion of those who submitted to the decree.

While it may be the duty of one of several executors to call his co-executors to account, when he has brought into the proceeding for an accounting all persons interested he has no further duty in their behalf, and is not interested in, and may not appeal from, the decree, save so much thereof as affects his own rights.

The law does not recognize an overpayment by an executor to a legatee, and does not permit him, on settlement of his accounts, to credit himself with such an overpayment.

While, *it seems*, an executor may, at least in equity, recover back an overpayment to a legatee where there are circumstances excusing the mistake, this may not be done where the executor not only made the

payment voluntarily, but, on an accounting, claimed credit and was allowed for it as a just and proper charge against the estate.
Reported below, 69 Hun, 484.

(Argued December 5, 1893; decided December 19, 1893.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made May 9, 1893, which modified, and affirmed as modified, a decree of the surrogate of Washington county settling the accounts of the executors of Frederick D. Hodgman, deceased, and of the executors of deceased executors of said decedent.

The appeal was by Mary E. Hodgman, as executrix, also individually as the widow of the decedent and as legatee.

The facts, so far as material, are stated in the opinion.

*Charles S. Foote* for appellant. Appellant has the right to appeal. (Code Civ. Pro. §§ 1837, 1841, 2732, 2743; *Beach* v. *Gregory*, 2 Abb. Pr. 203, 209; 3 id. 78; *Martin* v. *Kanouse*, 2 id. 392; *Bockes* v. *Hathorn*, 78 N. Y. 222; *Sanford* v. *Sanford*, 58 id. 67; *Willcox* v. *Smith*, 26 Barb. 316; *Murtha* v. *Curley*, 92 N. Y. 453; *In re Hood*, 30 Hun, 472; *Bevan* v. *Cooper*, 72 N. Y. 328; *Stilwell* v. *Carpenter*, 59 id. 414; *In re Accounting Underhill*, 117 id. 471; *In re Wagner*, 119 id. 36; *Colgan* v. *Dunne*, 50 Hun, 443; *Butler* v. *Johnson*, 111 N. Y. 204; *Dickison* v. *Reynolds*, 48 Mich. 158; *Peck* v. *Sherwood*, 56 N. Y. 615; *Thompson* v. *Mott*, 2 Dem. 154; Redf. Law & Pr. 744; *In re Consulas*, 95 N. Y. 340; *Buchan* v. *Rintoul*, 70 id. 1.) Mrs. Yates is entitled to receive the amount of dividends paid on the stock transferred to her between the dates of testator's death and her receipt of the stock. Also the dividend received by Hitchcock, executor, which accrued July 1, 1875, subsequent to such receipt. Also interest similarly on the balance of cash then paid her. Also interest from said date on the total. (*Parkinson* v. *Parkinson*, 2 Bradf. 77; *Wetmore* v. *Peck*, 66 How. Pr. 54; *Williamson* v. *Williamson*, 6 Paige, 305; *In re Coombs*, 3 Dem. 348; Williams on Exrs. 1003, 1221; *Cooke* v. *Meeker*, 36 N. Y. 18, 20, 21, 24; *Thorn* v. *Garner*,

113 id. 198 ; *Brown* v. *Knapp,* 79 id. 136 ; *Bliss* v. *Olmstead,* 3 Dem. 273 ; *Clarkson* v. *Clarkson,* 18 Barb. 646 ; *Murphy* v. *Marcellus,* 1 Dem. 288 ; *In re Fogg,* 5 id. 422 ; *Platt* v. *Moore,* 1 id. 191 ; *Devlin* v. *Mayor,* 131 N. Y. 123 ; 65 Barb. 161 ; *Fake* v. *Eddy,* 15 Wend. 76 ; *Stevens* v. *Barrington,* 13 id. 639 ; *Jacot* v. *Emmett,* 11 Paige, 142 ; *Tillotson* v. *Preston,* 3 Johns. 229 ; *Cook* v. *Rogers,* 5 T. & C. 493, 495 ; *Ledyard* v. *Bull,* 119 N. Y. 62 ; *Ryan* v. *Ward,* 48 id. 204 ; *Miller* v. *Coates,* 66 id. 609 ; *Bunge* v. *Koop,* 48 id. 225 ; 4 Wait's Act. & Def. 129, 137, 138 ; Code Civ. Pro. §§ 414, 1819 ; *Butler* v. *Johnson,* 111 N. Y. 204 ; *In re Lynch,* 24 Wkly. Dig. 543 ; *In re Latz,* 33 Hun, 618 ; *Willcox* v. *Smith,* 26 Barb. 316.) Mrs. Yates is entitled under the will to the invalid legacies to the poor and for the care of the cemetery lot, with the interest which should have accrued thereon. (*In re Benson,* 96 N. Y. 510 ; 2 Williams on Exrs. 1063 ; *Kerr* v. *Dougherty,* 79 N. Y. 327 ; 2 Redf. on Wills, 747, 748, §§ 19, 20 ; *Stephenson* v. *Orphan Asylum,* 27 Hun, 380 ; 92 N. Y. 433 ; *Goodwin* v. *Ingraham,* 29 Hun, 221 ; *Greer* v. *Belknap,* 63 How. Pr. 390 ; *Betts* v. *Betts,* 4 Abb. [N. C.] 317, 420 ; Redf. Law & Pr. 610 ; *Lefevre* v. *Lefevre,* 59 N. Y. 455.) Mrs. Yates is entitled to the residuary estate, including the so-called void bequests. (Code Civ. Pro. § 2743.) Mrs. Yates is entitled to full commissions on the amount of the estate, principal and income. (Code Civ. Pro. § 2730 ; *In re Leggat,* 4 Redf. 448 ; *In re Van Nest,* 1 Tucker, 130 ; *In re Dunkel,* 5 Dem. 188 ; *Welling* v. *Welling,* 3 id. 511 ; *Waters* v. *Faber,* 2 id. 290 ; *In re Blakeney,* 23 Abb. [N. C.] 32, 38n. ; *In re Hayden,* 54 Hun, 197.) The misconduct of both Hitchcock and Hodgman in the administration of their trust is sufficient to deprive both of commissons. (*Cook* v. *Lowry,* 95 N. Y. 103 ; *Estate of Harnett,* 15 N. Y. S. R. 725 ; *In re Myers,* 131 N. Y. 409, 417 ; *Wheelwright* v. *Rhodes,* 28 Hun, 57.) The surrogate has erred fundamentally in relaxing the usual rules as to proof of the matters Wing has set up in his account of Hitchcock's administration, simply on account of the latter's death. (*In re Wagner,* 119 N. Y. 36 ; *In re*

*Underhill,* 117 id. 471; *Bevan* v. *Cooper,* 72 id. 328; 2 R.
R. 93, § 54; Code Civ. Pro. § 2729; *Willcox* v. *Smith,* 26
Barb. 316; *In re Underhill,* 117 N. Y. 471, 473.)    The
amounts charged against Executor Hitchcock's estate should
have embraced many more items.   (Code Civ. Pro. § 1832;
*Underhill* v. *Newburger,* 4 Redf. 499; 26 Barb. 316, 346;
McClelland Sur. Ct. Pr. 389, 419, 420; Redf. L. & P. Sur. Ct.
[4th ed.] 758, 763; Williams on Exrs. [6th Am. ed.] §§ 1413,
1415; *Schultz* v. *Pulver,* 11 Wend. 363, 366; *Harrington* v.
*Keteltas,* 92 N. Y. 40; *O'Conner* v. *Gifford,* 117 id. 275,
279; *Wright* v. *Austin,* 56 Barb. 13; *Smith* v. *Kearney,* 2
Barb. Ch. 533; *Rogers* v. *Murdock,* 45 Hun, 30; *T. Bank*
v. *Parker,* 130 N. Y. 615; *Green* v. *Roworth,* 113 id. 462;
*Wake* v. *Barnum,* 116 id. 87; *Lent* v. *Howard,* 69 id. 169;
*Hasler* v. *Hasler,* 1 Bradf. 252; *King* v. *Talbot,* 40 N. Y.
76; *Adair* v. *Brimner,* 74 id. 539; *Cook* v. *Lowry,* 95 id.
103; *In re Myers,* 131 id. 409, 417; *Dunscomb* v. *Duns-
comb,* 1 Johns. Ch. 508; *Rundle* v. *Alison,* 34 N. Y. 180;
*Garvey* v. *Owens,* 35 N. Y. S. R. 133; *In re Stark,* 39 id.
393; 3 Williams on Exrs. 1844.)   The Hitchcock estate should
be surcharged with items erroneously credited as disburse-
ments by him for the Hodgman estate, together with interest
on each from date of alleged payments.   (Redf. Law & Pr.
517, 518, 755; *Wood* v. *Rusco,* 4 Redf. 345; 2 R. S. 88,
§ 33; Code Civ. Pro. §§ 403, 2729, 2731, 2734; McClelland's
Sur. Ct. Pr. 432, 434; *Terry* v. *Dayton,* 31 Barb. 519; *Under-
hill* v. *Newburger,* 4 Redf. 499; *In re Acct. of Balzer,* 23
Wkly. Dig. 305; *Keller* v. *Stuck,* Id. 294; *Williams* v.
*Purdy,* 6 Paige, 168; *Ledyard* v. *Bull,* 119 N. Y. 62;
*Treat* v. *Fortune,* 2 Bradf. 116; *Sandford* v. *Sandford,* 62
N. Y. 553; *In re Kendrick,* 107 id. 104; *Cotter* v. *Quinlan,*
2 Dem. 29; *In re Underhill,* 117 N. Y. 471; *Adair* v.
*Brimmer,* 74 id. 539; *In re Storm,* 28 Hun, 499; *Croft* v.
*Williams,* 88 N. Y. 384; *Remington* v. *Walker,* 99 id. 631;
*In re Rutherford,* 5 Dem. 499; *Wyckoff* v. *Van Siclen,* 3
id. 75; *Wilmerding* v. *McKesson,* 103 N. Y. 329; *Nanz*
v. *Oakley,* 120 id. 89; *Cocks* v. *Haviland,* 124 id. 426.)

No costs or disbursements should be allowed the representative of Executor Hitchcock, and the latter's estate should be charged therewith. (*King* v. *Talbot*, 40 N. Y. 76, 83; *Cook* v. *Lowry*, 95 id. 103; *Matter of Myers*, 131 id. 409, 415, 417; *Willcox* v. *Smith*, 26 Barb. 333; *Hosack* v. *Rogers*, 9 Paige, 461; *In re Williams*, 17 N. Y. S. R. 839; *Estate of Stanton*, 18 id. 807; *In re Selleck*, 111 N. Y. 284.) This court having the undisputed facts before it, should decide the questions at issue and direct a decree in accordance with its decision. (Redf. on Law & Pr. 894; *In re Kellogg*, 104 N. Y. 648; *In re Accounting Benson*, 96 id. 499, 512; *Johnson* v. *Corbett*, 11 Paige, 625; Code Civ. Pro. §§ 2586, 2743; *Godfrey* v. *Moser*, 66 N. Y. 250.)

*C. H. Sturges* for respondent. The legacy of the sum of $50,000, given to the appellant, the widow of the testator, was not a specific legacy, and she was not entitled to the dividends. (*Brundage* v. *Brundage*, 60 N. Y. 544; *Tifft* v. *Porter*, 8 id. 516.) The widow and appellant, Mrs. Yates, is not entitled to interest upon the amount of the legacy of $50,000, bequeathed to her, from the death of the testator to the time of its payment. (*Bradford* v. *Falkner*, 12 N. Y. 572; *Hepburn* v. *Hepburn*, 2 Bradf. 274; *Parkinson* v. *Parkinson*, Id. 77; *Seymour* v. *Butler*, 3 id. 193; *Williamson* v. *Williamson*, 9 Paige, 298, 305; *Thorn* v. *Garner*, 113 N. Y. 198; *Wheeler* v. *Ruthven*, 74 id. 428; *Fake* v. *Eddy*, 15 Wend. 76; *T. N. Bank* v. *Mayor*, etc., 4 Hun, 429; *Middaugh* v. *Elmira*, 23 id. 79; *Luddington* v. *Miller*, 6 J. & S. 478; *McCreery* v. *Day*, 119 N. Y. 1; *Cutler* v. *Mayor*, etc., 92 id. 166.) The appellant is entitled to no further allowance of commissions than the sum already received by her as commissions. (*Vedder* v. *Vedder*, 1 Den. 257; *People ex rel.* v. *Board of Managers*, 96 N. Y. 640; *Jaffray* v. *Davis*, 124 id. 164; *Coon* v. *Knapp*, 8 id. 402; Code Civ. Pro. § 2736; *Lamb* v. *Lamb*, 131 N. Y. 227; *In re Tienkin*, Id. 391; *Underwood* v. *Curtis*, 127 id. 523.) The appellant is not entitled to a distributive share in the lapsed legacies. (*In re Benson*, 96 ·

N. Y. 499; *Shult* v. *Moll*, 132 id. 122; *In re Crossman*, 113 id. 503; *In re Bennett*, Id. 522.) The sums alleged to have been paid in the care of the cemetery lot and for the benefit of the poor of the Methodist Episcopal Church of Fort Edward in excess of the amounts delivered to appellant for such purposes, were properly disallowed by the surrogate. (*O'Conner* v. *Gifford*, 117 N. Y. 275.) This appellant, as executrix, is not a party aggrieved, and has no right of appeal in her representative capacity from the decree herein. (Code Civ. Pro. §§ 2568, 2729, 2730, 2743; *Bryant* v. *Thompson*, 128 N. Y. 426; *Hyatt* v. *Dusenbury*, 8 N. Y. S. R. 713; *Bates* v. *Ryberg*, 40 Cal. 463; *In re Wright*, 49 id. 550.) The decree of the surrogate adjusting and settling the accounts of the respective representative parties was in each and every respect proper and made upon equitable principles, and should in all things be sustained. (*Stoddard* v. *Johnson*, 13 Hun, 606; *Thorpe* v. *Monroe*, 47 id. 246; *Finch* v. *Hull*, 24 id. 226; *Hoyt* v. *Hoyt*, 85 N. Y. 142; *Green* v. *Green*, 125 id. 506; *Coon* v. *Knapp*, 8 id. 402; *In re Wagner*, 119 id. 28.) The exceptions taken to the allowance and disallowance of various items in the several accounts were neither of them well taken, and the surrogate's findings in respect of each of said items were just and equitable and should be sustained. (*Boughton* v. *Flint*, 74 N. Y. 476; *In re Weston*, 91 id. 502; *O'Conner* v. *Gifford*, 117 id. 275; 2 Pom. Eq. Juris. § 820; *In re Niles*, 113 N. Y. 547.)

FINCH, J. There are some questions in this case which touch the personal interest of the appellant, and upon which she has a right to our judgment. The facts upon which they arise cover but a small part of the general controversy and are as follows.

The testator, Frederick D. Hodgman, died in 1873 and after having made and executed his last will and testament, by the terms of which his widow, now Mrs. Yates, and who is the present appellant, was made executrix, and Alfred C. Hodgman, Philander C. Hitchcock and James Cheeseman executors.

Letters testamentary were issued to them on February 13th, 1874, and all four qualified and entered upon the performance of their duties. Cheeseman died in 1882 and is represented in these proceedings by James H. and Olive Cheeseman, his executor and executrix. Hitchcock died in 1888 and letters testamentary under his will were issued to Asahel R. Wing. The present proceedings were commenced in 1889 and took the form of a final accounting before the surrogate of the representatives of the deceased executors, and of the surviving executrix and executor, and it is from the decree rendered on that accounting that Mrs. Yates now appeals, claiming the right to do so as executrix, as widow and as legatee. The testator by his will devised to his wife the property real and personal which constituted their home, the value of which was nearly eleven thousand dollars, and which she retained and kept as her own without any dispute or contention, and which formed no part either of the inventory or accounts. He then gave her a further legacy phrased thus : " I also give to my said wife the sum of $50,000, which may be invested in bank stock, Fort Edward and Wyoming, Iowa, and in bonds." He then declared that the devise and the legacy were to be accepted by the widow " in full satisfaction and recompense of and for her dower or thirds which she may or can in anywise claim or demand " out of his estate. Some other legacies were given, one of which was the sum of $500 to the executors, which they were directed to invest and keep invested and expend the interest in the care of testator's cemetery lot. A residuary clause covering all the rest of his property carried everything remaining to his nephews and nieces in equal shares. Outside of the home, specifically devised with its belongings, there was inventoried personal property to the amount of a little over ninety-six thousand dollars, and there were in addition several pieces of real estate.

The widow received the full sum of $50,000 on the 22d day of June, 1875, which was about one year and four months after the issue of letters testamentary, and gave a receipt for it which reads thus : " Received from the executors of F. D.

Hodgman, deceased, fifty thousand dollars, the amount of the legacy left me by the will of said Hodgman." She accepted payment in the Fort Edward bank stock at an agreed premium, in the Wyoming bank stock at par, and in cash to the amount of $7,854.50, which made up the balance. The will specifically directed the payment to the wife thus: "I desire the legacies to my wife paid as soon after my death as convenient to my executors."

The widow now claims that certain dividends upon the bank stock collected and received by the executors belonged to her and should be accounted for to her. That would be true, if the bank stock had been specifically given to her, but not otherwise. The legacy is of the sum of $50,000, and is merely demonstrative and not specific. It points out the source from which payment was expected to be made, but is to be regarded as a general and not a specific legacy, and so the dividends accruing before payment did not belong to the legatee. (*Giddings* v. *Seward*, 8 N. Y. 365; *Newton* v. *Stanley*, 28 id. 61.)

But it is further claimed that if regarded as a general legacy it drew interest from the date of testator's death, and such interest should have been allowed. There are exceptional cases of that character, but they are those in which the testator has not prescribed the time of payment and we are permitted to infer an intent that it should be made earlier than the year fixed by statute. In this case the testator himself directed that it should be made as soon after his death as should be convenient to his executors, and he made his wife executrix so that she could pay herself, or at least know when the time of payment should arrive. Nothing in the case shows that payment was unduly postponed. The widow's conduct indicates that it was not. She accepted the principal in full of the legacy without claim of interest, and as that was not given by the will and was chargeable, if at all, only as damages for delay, her acceptance of the principal excludes the right, more than ten years later, to demand the interest. (*Cutler* v. *Mayor*, 92 N. Y. 166.)

She further makes a claim for commissions. There are two answers to that. One is that she was paid and accepted $353 for her commissions which she described as "my fee as executrix of said estate." This payment was made when it is evident that there was a general settlement out of court in progress among the parties, meant to include all interests. As she never took any charge of the estate the allowance was liberal, and having been approved by the surrogate and the General Term as an equitable proportion due to her we ought not here to re-consider it in the face of her own written assent.

But she further claims, as distributee, a share of certain lapsed legacies. She has no such right. It was altogether lost when she elected to take the provision which the testator made for her. That was in lieu of her dower and thirds, or, in other words, of any right as dowress or distributee "which she may or can in anywise claim or demand out of" the estate. There is not the least doubt of the meaning of the provision, and whatever may be said about the lapsed legacies she has no interest in them and is entitled to no part of them. (*Matter of Benson*, 96 N. Y. 499.)

I do not see how the appellant is or can be affected, beyond the questions considered, by the settlement of the accounts of the other executors, as adjudicated by the surrogate's decree. If I could see in the result the faintest trace of danger to her I should be likely to advise a reversal of this decree as manifestly wrong in many important respects. In that event we should seek to ascertain how an estate of about $128,000, and which owed at its owner's death, so far as I can see, not to exceed fifteen or twenty thousand dollars, has, after paying not more than eighty thousand dollars of legacies, become totally bankrupt and indebted to one of the executors for about ten thousand dollars, which there are no assets to pay. We should inquire, also, why Hitchcock, after having been once credited with the Cobb trust fund of ten thousand dollars, as delivered by him to one or more of his associates, and which was paid to the legatees by Mrs. Yates, and for which her account is credited, is a second time credited with that

sum and permitted to swell his account to that extent against the estate. We should seek to know on what principle payments made to the residuary legatees were credited to the executors when the result reached shows that no residue remained. And we should consider whether a confused mass of items made up in total disregard of the rules for stating such accounts should be allowed to serve as the basis for deliberate judicial action. Such an inquiry might or might not change my present impression that the estate of Hodgman does not owe the estate of Hitchcock a single dollar; but I am saved its necessity by the fact that none of the parties affected by it complain of it, and that Mrs. Yates is the sole person appealing. It may be that she did her duty in calling her co-executors to account, but when she brought into the proceeding everybody interested in the result she ceased to be in any respect their protector or representative, and had no further duty in their behalf. When the accounts were settled she ceased to have any interest in the decree beyond what affected her own rights, and had no authority to proceed on the appeal as the champion of those who submitted to the decree and did not appeal at all. (*Bryant* v. *Thompson*, 128 N. Y. 426.)

It is suggested, however, that the unpaid debt found due from the Hodgman estate to the Hitchcock estate may compel an abatement of the appellant's legacy. I cannot see any such possible danger. The surrogate had jurisdiction, and it was his duty to make the final distribution. If for that purpose an abatement of legacies was necessary, the account should have shown it, the executor should have claimed it, and the decree should have so provided. The law does not recognize an over-payment, and does not permit the executor to credit himself with the excess, for the inquiry always is what the estate owes, and the surrogate has jurisdiction to decide that question. (*In re Underhill*, 117 N. Y. 475.) His decree, therefore, is conclusive upon all the parties duly cited (Code, §§ 2742, 2743), and settles that the allowances made to the accounting party in payment of legatees and others are correct. Here the Hitchcock estate credited itself with the

full legacy paid to the widow. That was an admission of a sufficiency of assets for the purpose, made when all the facts were known, and a payment which the surrogate by its allowance to the executor has adjudged to be correct, and, therefore, a debt which the estate was liable to pay in full. The decree will as a consequence be conclusive upon the executor in that respect. If it be granted, as probably it must be, that an executor may, at least in equity, recover an over-payment to a legatee under peculiar circumstances which excuse his mistake (*Walker* v. *Hill*, 17 Mass. 384; *Lupton* v. *Lupton*, 2 Johns. Ch. 627; *Gallego* v. *Atty.-Gen.*, 3 Leigh, 485, 486), yet that can never be in a case where the executor not only paid the full amount voluntarily, but on an accounting claimed credit for it as a just and proper charge against the estate, and has been credited with it as such in the final decree. It would be a strange process to allow the payment to the executor as in part the basis of his recovery against the estate, and then permit him to dispute the allowance in order to get his pay. The Hitchcock estate is, therefore, bound by the decree, and can have no future action for an abatement or refunding, and the danger suggested does not exist. And that is more strongly true where the decree shows on its face that the deficiency of assets disclosed is largely, and perhaps entirely, the result of payments to residuary legatees which must first be applied and exhausted as assets before any resort can be had to the general legacies.

We agree, therefore, with the General Term that the executrix has no interest in the ultimate questions depending upon the correctness of the account.

The judgment should be affirmed, with costs.

All concur, except GRAY and MAYNARD, JJ., dissenting.

Judgment affirmed.