159 So. 815

CAHEEN et al. v. FIRST NAT. BANK OF BIRMINGHAM.

6 Div. 634.

Supreme Court of Alabama.

Feb. 28, 1935.

106

Cabaniss & Johnston and L. D. Gardner, Jr., all of Birmingham, for appellee.

Peyton D. Bibb and A. Leo Oberdorfer, both of Birmingham, for appellants.

**BROWN, Justice.**

■ This appeal is from the interlocutory decree entered on August 10, 1934, overruling the separate demurrers of appellants to the bill as last amended; therefore the soundness of the decree of March 30, 1934, holding the plea filed by Julien and Maurice Caheen to the original bill insufficient and striking the same, is not within the scope of this appeal.

Moreover, the statute, Code 1907, § 2838, authorizing appeals from interlocutory decrees "overruling a demurrer to a bill in equity, or sustaining or overruling a plea to such bill," was amended by the Act approved March 17, 1915 (Acts 1915, p. 137), limiting the right of appeal from interlocutory decrees to such decrees "overruling a demurrer to a bill in equity, or to a cross bill,'' omitting the provision for appeals from such decrees "sustaining or overruling a plea to such bill." Code 1923; § 6079.

■ While the statute, Code 1923, § 6645, does not obviate the necessity of showing that all complainants joining in a bill for relief are entitled to relief, and a failure to do so renders the bill subject to demurrer for misjoinder (Staples et al. v. Barret et al., 214 Ala. 680, 108 So. 742, 46 A. L. R. 1084), nevertheless the bill as last amended, and as for that matter, the bill as originally filed, was not subject to that objection.

There was but one complainant, the First National Bank of Birmingham, suing to protect its "personal interest," by asking the court to guide it in the administration of the estates, the interests of which were so blended that it was necessary to proceed under both wills at once. Carter et ux. et al. v. Balfour's Adm'r, 19 Ala. 814; Clark, Adm'r, v. Head, Adm'r ad litem, 75 Ala. 373.

■ Nor was the attitude of the parties changed by the amendment which attempted to make the bank as the executor and trustee under the will of Fernand Caheen, deceased, a party defendant. The bank could not be both a complainant and at the same time a defendant. It could not sue itself. McLane v. Spence, Adm'r, 6 Ala. 894.

■ It may be noted that the original bill alleges that the administration of both estates had been duly removed from the probate court to the circuit court, in equity, for further administration; while the amended or substituted bill merely alleges that the estate of Salvador Caheen had been so removed; but this omission, in view of the averments of the bill that much of the property belonging to the two estates was jointly owned by the two brothers, and the necessity for proceeding under both wills in their administrations, did not materially affect the right of the bank to seek the instructions of the court. In the circumstances, the jurisdiction and powers of the probate court were inadequate. Clark, Adm'r, v. Head, Adm'r ad litem, supra.

■ The removal of the estate into the circuit court gave that court full jurisdiction and obviated the objection that the bill was without equity, if this objection had been well grounded. Forman v. McAnear, 219 Ala. 157, 121 So. 538; Strange et al. v. King et al., 228 Ala. 511, 154 So. 115; Irwin v. Irwin, 227 Ala. 140, 148 So. 846; Dent et al. v. Foy et al., 206 Ala. 454, 90 So. 317; Hinson v. Naugher et al., 207 Ala. 592, 93 So. 560.

■ Nor was the bill subject to the objection of multifariousness. Hunley et al. v. Hunley, 15 Ala. 91.

■ The most serious objection made by the appellants is that the bill seeks an accounting as to dealings between the two brothers as partners, and the objection is that the averments are so meager that neither the parties whose interests are affected, nor the court, is sufficiently advised as to the basis or the extent that such accounting is sought.

On the other hand, the appellee insists that the bill does not seek an accounting, and therefore this objection must fall.

The bill avers:

"At the time of the death of Fernand Caheen and for a long time prior thereto Fernand Caheen and Salvador Caheen were the sole partners in a partnership known as Caheen Brothers. Attached hereto and made a part hereof, marked Exhibit C, is a copy of Articles of Partnership entered into between Fernand Caheen and Salvador Caheen, on, to-wit, the 4th day of September 1896. Under the terms of said partnership agreement, the said partnership was to be terminated on the 1st day of September 1898. Notwithstanding the said provision for the termination of said

partnership, it continued in existence until it was terminated by the death of Fernand Caheen on the 16th day of September 1932. Section two of the partnership agreement above referred to provides that said business and its assets shall be equally owned by said partners and all profits which may accrue to said partnership shall be equally divided and all losses happening to said firm, and all expenses of same, shall be equally borne by said partners. The said decedents kept a set of books for the said partnership, and it appears from said partnership books that the withdrawals of the said partners from the said partnership were unequal. For many years prior to the death of said Fernand Caheen, Salvador Caheen and Fernand Caheen conducted joint ventures in the name of Caheen Brothers, a partnership, buying and selling stocks, bonds, other securities, and real estate, and maintained a bank account in the name of said partnership in The First National Bank of Birmingham. * * *

"Because of the many complicated transactions arising from, and because of the conduct of such partnership business of Caheen Brothers by the said Salvador Caheen and Fernand Caheen, respectively, prior to the death of the said Fernand Caheen as outlined above, and because of the necessity of determining the respective ownerships of the two estates of Salvador Caheen and Fernand Caheen in and to the partnership assets and the necessity of winding up the partnership business and because of the joint ownership in the two estates of the said real estate hereinabove described and the mutual accounts arising therefrom of an involved and complicated nature, and because of the conflicting interests of the creditors, devisees and legatees of the one estate as against the creditors, devisees and legatees of the other estate, complainant is entitled to apply to this Court for an accounting to determine the relative and respective rights and liabilities of said estates and the extent of the respective ownerships of said separate estates in the said several assets, both real and personal, to which reference has hereinabove been made."

Among the matters on which the complainant seeks the guidance and instruction of the court are: "Did the partnership between Fernand Caheen and Salvador Caheen continue in full force and effect under the terms of the partnership agreement set forth as Exhibit C until the death of the said Fernand Caheen, and are the respective rights of the two estates in and to the partnership assets to be determined under and in accordance with the terms of said written agreement, and if not,

what were the terms under which said partnership continued until the death of Fernand Caheen, and to what extent is the complainant as Executor and Trustee entitled to the assets heretofore held by said partnership?" And the bill prays "that a proper accounting may be had between the complainant in its capacity as Executor and Trustee * * * under the will of Fernand Caheen, deceased," etc.

■ We are of opinion that these averments and said inquiry in connection with the prayer of the bill bring within their scope an accounting as to the partnership transaction covering the entire existence of the partnership, covering a period of thirty-six years, and that the averments are too general and uncertain to this end. It is not denied that the parties to the partnership were sui juris, and in the absence of well-grounded contention by the cestui que trust, or interested creditors, it is not within the scope of the trustee's duty to foment inquiry into withdrawals of funds by the partners, which, for all that appears, were upon conditions satisfactory to them.

The demurrers to that aspect of the bill which seeks to have an accounting between said partners were well taken and should have been sustained, and in this respect the decree overruling the demurrers will be reversed. Wynn, as Administrator, v. Tallapoosa County Bank, 168 Ala. 469, 53 So. 228.

■ Another aspect of the bill seeks to ascertain whether the indebtedness contracted by Caheen Bros., as partners, with the Massachusetts Mutual Life Insurance Company, and secured by mortgage on real property jointly owned by said partners, is the debt of the partnership or of Caheen Bros., Inc. It appears from the averments of the bill that the individuals constituting the partnership owned practically an equal interest in the corporation, and managed and conducted the business of said corporation. If said partners desired to borrow money and pay debts of the corporation, without liability of the corporation to said partners, as the facts averred indicate, that was an affair of their own which should not be opened up in the absence of well-grounded contention of the cestui que trust, or the creditors of the partnership.

Moreover, this would present a controversy in which Caheen Bros., Inc., and the creditor holding the claim are interested, and could not be authoritatively settled without bringing them in as parties. If the complainant elects to proceed with this litigation, the ap-

pointment of an administrator ad litem to represent the estate of Salvador Caheen may be necessary.

The decree of the circuit court, in so far as it overruled the demurrers to the bill as a whole, is affirmed; but in so far as it overruled the demurrers to that aspect of the bill seeking to inquire into the alleged unequal withdrawals as between said deceased partners, it is reversed, and a decree here rendered sustaining the demurrer in this respect.

Affirmed in part, and in part reversed, rendered and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.