Code Civ. Proc. § 2743, provides that where an executor's accounts are judicially settled, and any part of the estate "is ready to be distributed to the creditors, legatees, next of kin, * * * or their assigns, a decree must direct the payment and distribution thereof to the persons so entitled according to their respective rights." Section 2481, subd. 11, provides for the exercise by the surrogate's court of "such incidental powers as are necessary to carry into effect the powers expressly conferred." *Held* that, on a judicial settlement, the surrogate, in order to determine the rights of the parties, may construe the will, and may determine the validity of an alleged assignment of a legacy.

Judicial settlement of the account of Alonzo Havens and another, as executors of Horace Havens, deceased.

Isaac L. Wells, for executors.
R. E. Waterman, for Samuel W. Havens.

VANCE, S. In this matter the executors of the last will and testament of the deceased have petitioned for a judicial settlement of their accounts. All parties interested in the estate have been cited; and Samuel W. Havens, one of the children of the deceased, has appeared. The executors have filed their account, showing a balance of $5,391.59 in their hands, subject only to the commissions of the executors, and the expense of this accounting. No objection has been made to any item of the account, as filed. The correctness

of the balance in the hands of the executors is conceded. The executors, in their account, allege that under the provisions of the will, and codicils thereto, of the deceased, Alonzo Havens is entitled to the whole surplus now in their hands. This claim on the part of the executors is denied by Samuel W. Havens, who claims that under the provisions of the will, and codicils thereto, of the deceased, he is entitled to one-half of the net surplus of the estate. He also alleges, in substance, that, by an agreement heretofore made by and between himself and Alonzo Havens, it was, for a valuable consideration, agreed that the said Samuel W. Havens should have one equal half of the surplus. The alleged agreement, it is stated, arose out of a contest concerning the probate of the will. The records of this court show that the will of the deceased was contested before my predecessor in office, and, after such contest, admitted to probate. Samuel W. Havens now alleges that, while such contest was pending, Alonzo Havens agreed with him that if he would not be a party to the contest, but would join with said Alonzo, and endeavor to sustain said will, in consideration thereof he should receive an equal share of the surplus of the estate with said Alonzo, which said Samuel W. agreed to do, and that said Samuel faithfully and carefully carried out said agreement. It is intimated that the questions thus arising deprive this court of jurisdiction. I would gladly be relieved from the labor and responsibility of the trial and decision of the questions thus raised; yet, whatever may be the personal consequences, I must examine and determine the question of jurisdiction under the statutes, as I understand them.

The objections filed by Samuel W. Havens raise two questions,—one of law, and the other a mixed question of law and fact. The first subdivision of such objections, taken with the allegations of the executors in the account, raises purely a question of law, namely, the construction of the will and codicils. Has the surrogate jurisdiction to determine this question? The Code (section 2472, subd. 3) provides that the surrogate's court has power "to direct and control the conduct and settle the accounts of executors, administrators and testamentary trustees;" (subdivision 4) "to enforce the payment of debts and legacies, the distribution of the estates of decedents, and the payment or delivery by executors, administrators and testamentary trustees of money or other property in their possession belonging to the estate;" (subdivision 6) "to administer justice in all matters relating to the affairs of decedents, according to the provisions of the statutes relating thereto." By section 2743 it is provided that "where an account is judicially settled, as prescribed in this article, and any part of the estate remains and is ready to be distributed to the creditors, legatees, next of kin, husband or wife of the decedent, or their assigns, a decree must direct the payment and distribution thereof to the persons so entitled, according to their respective rights." By section 2481, subd. 11, it is provided, among other things, that the surrogate's court has power "to exercise such incidental powers as are necessary to carry into effect the powers expressly conferred." In Re Young, 92 N. Y. 235–238, upon an application to cause the executor to set apart the exempted articles to the

widow, it was held that the surrogate had jurisdiction, under his authority "to direct and control the conduct of executors and to administer justice in all matters relating to the affairs of decedents, according to the provisions of the statutes relating thereto," to construe an antenuptial agreement made between the widow and her deceased husband. The court of appeals, in Re Verplanck, 91 N. Y. 439, 450, has held that, as incident to the duties cast upon the surrogate's court by the provisions of section 2743, the surrogate must have jurisdiction to construe wills, so far as needful, at least, to determine to whom legacies shall be paid. See, also, Garlock v. Vandevort, 128 N. Y. 374, 28 N. E. 599. It would seem that these authorities settle conclusively that the surrogate has jurisdiction to determine the matters raised by the first subdivision of the answer or objections of Samuel W. Havens.

The second subdivision of the objections made by Samuel W. Havens raised two questions,—one of fact, and one of law: First. Was the alleged agreement made? Second. If made, is it a valid agreement? As to the latter question, there is no room for a doubt. If this court, as an incident to powers expressly granted, may construe wills and antenuptial agreements, as the cases above cited hold, why has it not power to construe any other writing or agreement? The power to construe an agreement necessarily includes the power to pass upon its validity. Thus I reach the conclusion that the question of law raised by the second subdivision of the objections filed may be determined by the court.

The only question remaining is, has this court jurisdiction to try the question of fact raised,—to determine, in case the will be construed to mean that Alonzo Havens is the sole residuary legatee, whether or not he has transferred one-half of his legacy to his brother, Samuel W. Havens? In other words, on an accounting when the legatee claims the whole amount of the legacy, and another claims to be an assignee of the same, or a portion thereof, can this court determine the controversy between them? It is commonly asserted that a surrogate's court has no jurisdiction to try a disputed claim. This assertion may or may not be true. It may be safely stated that, as a general rule, such court has no jurisdiction to try and determine the validity of a disputed claim against an estate. In a proceeding under section 2718 to compel the payment of a debt, legacy, or distributive share, when the executor or administrator makes the verified answer prescribed by that section, denying the validity thereof, the surrogate must dismiss the proceeding without prejudice to an action or accounting in behalf of the petitioner. Under proceedings for the sale of the real estate of the decedent, any claim may be contested before the surrogate,— even a claim which has been presented to the executors or administrators, and rejected by them. In re Haxtun, 102 N. Y. 157, 6 N. E. 111. The statute having, as above seen, conferred jurisdiction in one proceeding to try and determine the validity of a disputed claim against an estate, and prohibited such jurisdiction in another proceeding before the same court, it seems clear that the question of jurisdiction in any proceeding must be determined by the statutory

provisions relating thereto. This being so, a decision upholding or denying jurisdiction in one proceeding is no authority for or against the jurisdiction in any other proceeding. A failure to recognize this fact has led to confusion, and, I believe, error. Another expression frequently used is that "a surrogate's court has no general equity jurisdiction." Just how much is meant by the word "general," no one has attempted to define. Its use implies that at least a limited equity jurisdiction is possessed by that court. What is the line of division between the limited equity jurisdiction which it is conceded has been conferred upon the court and the general equity jurisdiction which it does not possess? Subdivision 6 of section 2472 gives to a surrogate's court power "to administer justice in all matters relating to the affairs of decedents, according to the provisions of the statutes relating thereto." If the last clause, "according to the provisions of the statutes relating thereto," had been omitted in defining the power granted by the subdivision above cited, I am of the opinion it would have amounted to a grant of full or general equity jurisdiction in all matters relating to affairs of decedents. To do justice in all such matters is to do what is right and equitable therein. How far is this power to do justice or equity in all matters relating to the affairs of decedents limited by the clause, "according to the provisions of the statutes relating thereto"? Is this a limitation of the equitable powers of the court as to the subject-matter over which those powers may be exercised? Or is it a limitation only as to the manner in which they shall be exercised? Clearly, the latter. Here, then, we have a grant of equitable powers in all matters relating to the affairs of decedents coming before the court in the manner provided by the statute. But this general power is limited by restrictions upon its exercise found in the provisions of the statute relating to the various special proceedings which may come before the court. I have therefore arrived at the conclusion that a surrogate's court has full equitable jurisdiction in all matters relating to the affairs of decedents, except so far as that jurisdiction may be limited by the provisions of the statute relating to the special proceeding in which the question of jurisdiction may arise. In most of the cases which I have examined the general proposition is asserted that no general equity jurisdiction is conferred, and then an effort is made to find authority, either direct or incidental, in the provisions of the statute relating to the special proceeding before the court; and, if not there expressly conferred, then its existence has been denied. The power granted by subdivision 6, above cited, in most cases where the decision has denied jurisdiction, has been generally unnoticed. Starting, then, with the proposition that upon an accounting the surrogate's court has jurisdiction to do justice or equity between all persons properly before it, in all matters relating to the estate, let us inquire how far such power has been limited by the provisions of section 2743. That section provides:

"When an account is judicially settled as prescribed in this article, and any part of the estate remains and is ready to be distributed to the creditors,

legatees * * * or their assigns [the point reached in this matter], the decree must direct the payment and distribution thereof to the persons entitled according to their respective rights."

Thus far, instead of a limitation upon the equitable powers of the court, we have imposed a duty to distribute the fund on hand between the legatee and his assignee, if there be one, according to their respective rights. The imposing of a duty confers power for its performance, and that power thus conferred carries with it such incidental powers as are necessary to carry it into effect. Section 2481, subd. 11. How, in this case, can this court make a decree for the distribution of this estate to the legatee and the other claimant according to their respective rights without determining their rights? In order to determine the rights of those parties, the court must try the controversies between them. A question may be raised as to the effect of that portion of section 2743 which provides that "where the validity of a debt, claim, or distributive share is not disputed, or has been established, the decree must determine to whom it is payable," etc. This clause undoubtedly prohibits a surrogate's court from trying a disputed debt or claim against the estate, but what can be meant by the "validity of a distributive share"? The distributive share of a legatee is fixed by the will, and, in cases of intestacy, by the statute of distributions. We have seen before that, as to a legacy, a surrogate's court has full power to construe the will, and no court would assume to question the validity of the statute of distributions. As to the clause under consideration, I concur fully with the opinion expressed in Du Bois v. Brown, 1 Dem. Sur. 317, that the words "distributive share" must have been inadvertently used, and that the only intent of that clause was to settle the question, which had long agitated our courts, as to the jurisdiction of a surrogate, upon the judicial settlement of the accounts of the executor or administrator, to try a contested claim against the estate. From an examination of the statute I am strongly of the opinion that jurisdiction to try the issue raised exists in this court. I will not, however, determine the question upon my own construction of the statute, but will examine the authorities bearing directly upon the point raised.

Redfield, in his valuable work on the Law and Practice in Surrogate's Court (4th Ed., p. 752), says, "Where the original party in interest and the alleged assignee both claim the same interest, the surrogate cannot try the question of the validity of the assignment," and cites in support of this proposition Decker v. Morton, 1 Redf. Sur. 477, and In re Estate of Heelas, 5 Redf. Sur. 440. An examination of the case of Decker v. Morton reveals the fact that the surrogate did pass upon the validity of the assignment, holding it invalid. Upon appeal to the general term, Ingraham, J., delivering the opinion of the court, says:

"It is not clear that the surrogate had any jurisdiction to try the question as to the validity of the assignment. * * * But, upon the merits, I think the surrogate, if he had jurisdiction, did not err."

Slight authority in favor of the proposition stated. But all its force is dissipated when we consider that the case was decided under the provisions of the Revised Statutes, in which "assignees"

were not enumerated among those to whom payment or distribution was to be decreed "according to their respective rights." The other case (In re Estate of Heelas) was decided under the Code. All that was held in that case was that creditors of a distributee are not proper parties to an accounting of the administrator, and cannot there contest the validity of an assignment of his distributive share, and the share was decreed to be paid to the assignee. In that case the surrogate says:

"As the statute now authorizes the court to decree payment to an assignee of a legatee or next of kin, etc., if the assignor were to appear on such an accounting, and dispute the validity of the assignment, doubtless it would be the duty of the court to hear and determine the controversy, in order to decree payment to the person entitled thereto."

In Re Brown, 3 Civ. Proc. R. 39, it was held that the court had no jurisdiction to determine the validity of an assignment. On the other hand, it has been held in Re McCabe's Estate (Surr.) 18 N. Y. Supp. 715, that under section 2743 the surrogate, in settling an account, has power to try and determine the validity of an assignment of his distributive share by one of the next of kin, who appears, and attacks the assignment on the ground that it was made without consideration, and was procured by false and fraudulent representations. In Re Estate of Orser, 4 Civ. Proc. R. 129, it was held that section 2743 does not forbid surrogates from deciding a controversy in regard to the title, or any other question concerning a legacy or a distributive share.

The authorities upon the specific question presented seem to be in favor of the jurisdiction of the surrogate. It is to be regretted that the precise question here involved has not been squarely passed upon by the higher courts. In the case of Riggs v. Cragg, 89 N. Y. 479–491, the court of appeals held that the surrogate's court had no authority to try an issue as to the validity of a legacy raised by an executor on an application for an order directing him to pay the legacy. In discussing the question of jurisdiction presented by that issue, the court says:

"When the surrogate, upon such an application, can see that other persons claim, or may claim, the same thing as the petitioner, and that a real question is presented, as to the right of one of several persons to the legacy or fund, natural justice requires that he should not proceed to a determination without the presence of all the parties who may be affected by the adjudication. The statute provides for bringing in all the parties in interest on the final accounting, and, in that proceeding, jurisdiction is conferred to settle and adjust conflicting rights and interests, while no such authority is conferred in the special proceeding in favor of a single creditor or legatee, and such authority was not, we think, intended to be given."

Here is a clear expression of the opinion that under the Revised Statutes the surrogate had jurisdiction, on a final accounting, to settle and adjust the conflicting rights and interests of all the parties before him, as to the legacy or fund. In Re Verplanck, 91 N. Y. 439–450, the court, in speaking of the powers of the surrogate under the Code of Civil Procedure, as compared with those granted by the Revised Statutes, says, "It was clearly not the intention of the Code to narrow or diminish the jurisdiction of surrogates, but rather to

enlarge it." The section under consideration (2743) contains an illustration of the intent to enlarge the jurisdiction, in that it includes assignees of a creditor, legatees, next of kin, husband, or wife among those to whom the decree must make distribution.

By the weight of authority, as well as by my own understanding of the provisions of the Code, I am constrained to overrule the objection made to the jurisdiction of the court, and hold that it has jurisdiction to hear and determine all the questions raised by the objections filed by Samuel W. Havens. Ordered accordingly.