their guests, and for a like purpose. If the plaintiff's version of what took place between himself and the clerk be true, it would follow, under the rule we have announced, that defendant's liability as innkeeper continued until he should have delivered the baggage to the expressman, which he promised to do immediately on the departure of his guest. This he neither did nor attempted.

If plaintiff's testimony had not been contradicted, it would have been the duty of the court to have directed a verdict in favor of the plaintiff. On the part of the defendant, however, it was denied that he, or any one in his behalf, agreed to deliver the trunk to the expressman, as testified to by the plaintiff, and this issue the trial court rightly decided to submit to the jury.

The defendant has no substantial ground of complaint of the manner in which that question was submitted by the court, for the charge was far more favorable to the defendant than he was entitled to. The finding of the jury disposed of the only issue in favor of the plaintiff.

The judgment must be affirmed, with costs.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment affirmed, with costs.

_____

84h 539
55ad271

Matter of the Judicial Settlement of the Accounts of CHARLES MAYER and Another, as Administrators, etc., of MARGARET MAYER, Deceased.

CHARLES MAYER and LOUIS COHEN, as Administrators, etc., Appellants; CHARLES MAYER, an Infant, by Special Guardian, Respondent.

*Appeal by administrators from a decree allowing their accounts — a personal claim of one of them not considered.*

An appeal by administrators, from a decree of the Surrogate's Court allowing their accounts as presented, does not bring before the appellate tribunal the question of the right of one of them, as an individual, to recover a claim made by him against the estate.

APPEAL by Charles Mayer and another, as administrators, etc., of Margaret Mayer, deceased, from a decree of the Surrogate's Court

of the county of New York, entered in the office of said Surrogate's Court on the 10th day of July, 1894, passing and allowing the accounts of said administrators.

*Louis Cohen*, the administrator and claimant, for the appellants.

*Luis James Phelps*, for Charles Mayer, an infant, respondent.

Per Curiam:

The account of the administrators was settled and allowed by the Surrogate's Court as presented, and they were not aggrieved by the decree. The administrators alone have appealed. This does not bring before this court the question of the right of one of them, as an individual, to recover his claims against the estate.

The appeal should be dismissed, with ten dollars costs and disbursements against the appellants personally.

Present — Van Brunt, P. J., O'Brien and Follett, JJ.

Appeal dismissed, with ten dollars costs and disbursements against appellants personally.

---

William A. Harding, as Administrator, etc., of Medad W. Stone, Deceased, Appellant, *v.* Walter H. Field, Respondent.

*Undertaking upon appeal by an administrator — security for past costs.*

Upon an appeal by an administrator from a judgment rendered against him, security for past costs should not be required, and an undertaking in the sum of $250 should be exacted to secure the costs upon the appeal.

Appeal by the plaintiff, William A. Harding, as administrator, etc., of Medad W. Stone, deceased, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of December, 1894, directing that the plaintiff file and serve an undertaking in the sum of $1,500 to secure costs.

The order appealed from provided "that the plaintiff herein file and serve within ten days from notice of entry of this order an undertaking according to law and the practice of this court, with two