In re SCHMIDT'S ESTATE.

(Surrogate's Court, Monroe County.    May 29, 1899.)

1. SURROGATE COURTS—JURISDICTION—CLAIMS—ISSUE OF FACT.
    The surrogate court has no jurisdiction, without the consent of both par-
    ties, to determine whether an indorser of a note that had been executed
    and paid by a decedent is liable to the decedent's estate therefor, on an
    issue whether decedent was an accommodation maker, or executed the note
    for his own benefit.
2. SAME—ADJOURNMENT.
    Where, on an executor's accounting, an issue of fact is raised as to the
    validity of a claim in favor of the estate, the proceeding must be adjourned
    for a sufficient time to enable the parties to establish their rights in some
    tribunal having jurisdiction.

In the matter of the estate of Louisa Schmidt, deceased, Frederick
C. Kuefer, executor, seeks a settlement of his accounts.

D. D. Sully, for executor, Frederick C. Kuefer.
Jacob Spahn, for contestant, William Schmidt.
George H. Harris, for infants.

BENTON, S.    The executor of Louisa Schmidt in this proceeding
seeks a judicial settlement of his accounts.    William Schmidt, hus-
band of the deceased, contests the account, alleging an indebtedness
of the estate to him of $240 for repairs, improvements, etc., and also

that the estate had no right to receive $50 paid by a certain society to the representative of the deceased. Contestant's claim for repairs and improvements is dismissed as unproved. Contestant's claim for the $50 paid the personal representative is also dismissed, because the evidence shows that the money was paid to the executor by the consent and in the presence of the said William Schmidt, and, as matter of law, I find the personal representative was entitled, under the articles of association of said association, to receive the same.

A more serious question, challenging the jurisdiction of this court, is raised by the contestant in his objections against the offset to his legacy which the account seeks to interpose in the following item of said Schedule D therein, namely:

"The note of Louisa Schmidt for $225, mentioned in Schedule B, was made for the benefit of William Schmidt, and he indorsed the same and received the avails thereof, and he is now indebted to the estate in the sum of $177.63, with interest thereon from April 27, 1897, and this sum should be offset against the legacy left him by the will."

Contestant herein insists that the original note of the deceased was wholly and exclusively for her benefit; that contestant was only an accommodation indorser thereon; that upon the fraudulent representations of the executor he was induced to pay $50 upon the original note, and sign as maker a renewal note thereof; and he denies his indebtedness to the estate, and insists that the legacy of $50 left him by the will of the deceased should be paid in full. Has the surrogate's court jurisdiction to try the questions of fact thus at issue in this proceeding? They are, primarily, whether or not Louisa Schmidt, the deceased, was the real maker of the note which she signed and which was indorsed by William Schmidt; or was it, in fact, made for his benefit, and did she become an accommodation maker and he the real person in interest? These are issues of fact triable in a common-law tribunal, in which a jury trial is matter of right; and these issues are necessarily to be determined before the contestant can be held to be indebted to the estate, and his indebtedness be made an offset against the otherwise conceded liability of the estate to him upon his legacy of $50. The extent of the surrogate's jurisdiction has been prolific of much discussion, and many decisions may be cited bearing upon this question. "Where the validity of the debt, claim, or distributive share is admitted, or has been established upon the accounting or other proceeding in the surrogate's court or other court of competent jurisdiction, the decree must determine to whom it is payable, the sum to be paid by reason thereof, and all other questions concerning the same." It seems to be settled that a contested claim against an estate cannot be tried by the surrogate, except upon stipulation of the parties. In re Havens, 8 Misc. Rep. 574, 29 N. Y. Supp. 1085; Code, § 1822. It may also be said, I think, to be settled law that an executor may retain the whole or part of a legacy or distributive share in discharge of a debt due from the legatee or distributee of the estate. Smith v. Kearney, 2 Barb. Ch. 533; Rogers v. Murdock, 45 Hun, 30. But beyond this is the question of the jurisdiction of the surrogate's court to determine whether

or not such debt exists; in other words, to establish the indebtedness upon a trial. The executor alleges; the contestant denies. An issue of fact triable in a court of common law by a jury is formed. I have found no case holding the surrogate's court competent to try such an issue in this proceeding without the stipulation of the parties. In the case of Smith v. Kearney the administrator with the will annexed had obtained the decree of the court of chancery for the payment of the debt which, upon the accounting, he sought to set off against a distributive share therein, and in the case of Rogers v. Murdock the claim was expressly admitted, while here it is expressly denied. This court has no jurisdiction to annul or set aside instruments executed by parties who are before it questioning their validity. Sanders v. Soutter, 126 N. Y. 193, 27 N. E. 263; In re Wagner's Estate, 119 N. Y. 28, 23 N. E. 200. It may not set off a judgment belonging to the estate against a judgment presented as a claim against the estate. Stilwell v. Carpenter, 59 N. Y. 414. But the surrogate does have power to remit the parties to some other tribunal having jurisdiction thereof, where their rights may be "established," and, once established, the judgment or decree will import absolute verity, and cannot be disputed in the sense contemplated by the statute. It then becomes final and conclusive, and the surrogate may inquire into and pass upon it, determining the amount due, and also who is the owner and entitled to the benefit thereof. McNulty v. Hurd, 72 N. Y. 518. This court may adjourn, and the proper remedy, it seems to me, in such a case, is for the court to adjourn the proceeding a sufficient time to enable the parties to establish their rights, and then proceed with the accounting and distribution. Bevan v. Cooper, Id. 317; In re Randall, 152 N. Y. 508, 46 N. E. 945.

Holding, therefore, that this court has no jurisdiction to pass upon the issues raised, as between the accounting executor and the contesting legatee, and that opportunity may be given to settle those issues in a tribunal having jurisdiction thereof, this proceeding is adjourned until the 30th day of June, 1899, and the parties remitted to their rights in some other tribunal, as they may be advised, or, in default thereof, a decree may be made and entered adjudging the contestant entitled to his legacy of $50, and directing the executor to pay the same. The question of costs and allowances is deferred until the adjourned day.