### In re COE'S WILL.

#### COE v. ASSOCIATED PRESBYTERIAN SOC. IN OXFORD.

(Supreme Court, Appellate Division, Third Department. November 14, 1900.)

DECREE FOR DISTRIBUTION—EXECUTOR'S RIGHT TO APPEAL.

 Residuary legatees being the only persons entitled to moneys belonging to an estate in case a bequest thereof is void, the executor is not entitled to appeal from a decree directing payment thereof, as Code Civ. Proc. § 2568, limits the right of appeal to a "party aggrieved."

Appeal from surrogate's court, Chenango county.

Judicial settlement of the accounts of George B. Coe, executor of Sarah A. Coe, deceased. From a decree thereon directing the executor to pay the Associated Presbyterian Society in Oxford, as a legatee under the will, he appeals. Dismissed.

The will of Sarah A. Coe, dated June 10, 1886, was on the 11th day of September, 1893, admitted to probate in the surrogate's court of Chenango county; and letters testamentary were issued to George B. Coe, named in the will as executor. The will contains a bequest of $2,000 to the "First Congregational Church of Oxford, N. Y." On an intermediate accounting the administratrix of William M. Coe, deceased, one of the residuary legatees, filed an objection that this bequest is void, on the ground that there is no such person or corporation. The surrogate, on a hearing in which all persons interested in the estate appeared, found that the Associated Presbyterian Society in Oxford is the corporation for whom the bequest was intended by the testatrix, and is the society designated in the will as the "First Congregational Church of Oxford, N. Y." On the voluntary judicial settlement of the accounts of the executor on October 16, 1899, the executor claimed that the legacy to the "First Congregational Church of Oxford, N. Y.," is invalid, for the reason that there is no such person or corporation, and objected to the payment of the same to the Associated Presbyterian Church of Oxford. The decree of the surrogate, entered on November 20, 1899, on the judicial settlement of the accounts of the executor, ordered the executor to pay this legacy to the Associated Presbyterian Church in Oxford. From this decree the only appeal is by George B. Coe, as executor of the last will and testament of Sarah A. Coe, deceased.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

Eugene Clinton (H. C. Stratton, of counsel), for appellant.
Samuel S. Stafford, for respondent.

EDWARDS, J. Section 2568 of the Code of Civil Procedure limits the right of appeal from a decree of a surrogate's court to a "party aggrieved," and I think that the appellant is not within that designation. The question raised by him before the surrogate and on this appeal is in respect to the validity of the bequest to the First Congregational Church of Oxford, N. Y. In that question the residuary legatees alone are interested, as they are the persons who are entitled to the moneys if the bequest is void. It is not pretended that the estate is not ample for the payment of the bequest, and, on the contrary, it clearly appears to be more than sufficient. The only question is, who are the proper distributees of this $2,000,—the church or the residuary legatees? And in this question the executor has not the slightest interest. He is not aggrieved by the direction in the decree to pay the bequest to the Associated Presbyterian Church in Oxford. In re Hodgman, 69 Hun, 487, 23 N. Y. Supp. 725, affirmed in 140 N. Y. 421, 35 N. E. 660; Bryant v. Thompson, 128 N. Y. 426, 28 N. E. 522. The executor does not represent the residuary legatees on this appeal, and no individual right or claim of his is brought before the court. In re Hodgman, supra; In re Mayer, 84 Hun, 539, 32 N. Y. Supp. 850.

The appellant contends that the surrogate had no power, on the order to show cause made by him on the petition of the Associated Presbyterian Society after the intermediate accounting, to decree payment of the bequest to the church; the executor having filed objections denying its validity. The answer to this is that the surrogate's court did not, on such order to show cause, make the decree for payment. The court (whether correctly or not is not here material) held that the executor could not, at that stage of the case, produce evidence in regard to the issues raised by his objection; and the executor thereafter voluntarily filed his petition for a final accounting and rendered his account, and the decree for the payment of the bequest was thereafter made on the judicial settlement of his account.

The appeal should be dismissed, with costs and disbursements against the appellant. All concur.