In the Matter of the Final Accounting of GEORGE B. COE, as Executor, etc., of SARAH A. COE, Deceased.

GEORGE B. COE, as Executor, etc., of SARAH A. COE, Deceased, Appellant ; THE ASSOCIATED PRESBYTERIAN SOCIETY OF OXFORD, Respondent.

*Executor — when he is not a "party aggrieved," entitled to appeal from an order directing payment of a legacy.*

An executor has no standing, in his capacity as such, to appeal from an order made upon his final accounting directing him to pay a legacy, where the only question involved is whether the legacy should be paid to the person named in the order or is invalid and is, therefore, payable to the residuary legatees. The executor in such case is not a "party aggrieved." He does not represent the residuary legatees upon such an appeal, nor are his individual rights before the court.

APPEAL by George B. Coe, as executor, etc., of Sarah A. Coe, deceased, from so much of a decree of the Surrogate's Court of the county of Chenango, entered in said Surrogate's Court on the 20th day of November, 1899, as directs the said George B. Coe, as executor, to pay to the Associated Presbyterian Society of Oxford a legacy of $2,000, with interest thereon from September 11, 1894, with notice of an intention to bring up for review upon such appeal an order of the Surrogate's Court of Chenango county, entered in said Surrogate's Court on the 18th day of September, 1899, requiring the said George B. Coe to show cause why a decree should not be made directing the distribution of the estate.

The will of Sarah A. Coe, dated June 10, 1886, was, on the 11th day of September, 1893, admitted to probate in the Surrogate's Court of Chenango county, and letters testamentary were issued to George B. Coe, named in the will as executor. The will contains a bequest of $2,000 to the "First Congregational Church of Oxford, N. Y." On an intermediate accounting the administratrix of William M. Coe, deceased, one of the residuary legatees, filed an objection that this bequest is void, on the ground that there is no such person or corporation. The surrogate, on a hearing in which all persons interested in the estate appeared, found that the Associated Presbyterian Society in Oxford is the corporation for whom the

bequest was intended by the testatrix, and is the society designated in the will as the " First Congregational Church of Oxford, N. Y."

On the voluntary judicial settlement of the accounts of the executor, on October 16, 1899, the executor claimed that the legacy to the " First Congregational Church of Oxford, N. Y.," is invalid for the reason that there is no such person or corporation, and objected to the payment of the same to the Associated Presbyterian Church of Oxford.

The decree of the surrogate, entered on November 20, 1899, on the judicial settlement of the accounts of the executor, ordered the executor to pay this legacy to the Associated Presbyterian Church in Oxford. From this decree the only appeal is by George B. Coe, as executor of the last will and testament of Sarah A. Coe, deceased.

*Eugene Clinton* and *H. C. Stratton*, for the appellant.

*Samuel S. Stafford*, for the respondent.

EDWARDS, J. :

Section 2568 of the Code of Civil Procedure limits the right of appeal from a decree of a Surrogate's Court to a " party aggrieved," and I think that the appellant is not within that designation. The question raised by him before the surrogate, and on this appeal, is in respect to the validity of the bequest to the First Congregational Church of Oxford, N. Y. In that question the residuary legatees alone are interested, as they are the persons who are entitled to the moneys if the bequest is void. It is not pretended that the estate is not ample for the payment of the bequest, and, on the contrary, it clearly appears to be more than sufficient. The only question is, who are the proper distributees of this $2,000, the church or the residuary legatees; and in this question the executor has not the slightest interest. He is not aggrieved by the direction in the decree to pay the bequest to the Associated Presbyterian Church in Oxford. (*Matter of Hodgman*, 69 Hun, 487; affd., 140 N. Y. 421; *Bryant v. Thompson*, 128 N. Y. 426.) The executor does not represent the residuary legatees on this appeal and no individual right or claim of his is brought before the court. (*Matter of Hodgman, supra; Matter of Mayer*, 84 Hun, 539.)

The appellant contends that the surrogate had no power on the order to show cause made by him on the petition of the Associated

Presbyterian Society, after the intermediate accounting, to decree payment of the bequest to the church, the executor having filed objections denying its validity.   The answer to this is, that the Surrogate's Court did not, on such order to show cause, make the decree for payment.   The court, whether correctly or not is not here material, held that the executor could not, at that stage of the case, produce evidence in regard to the issues raised by his objection; and the executor thereafter voluntarily filed his petition for a final accounting and rendered his account, and the decree for the payment of the bequest was thereafter made on the judicial settlement of his account.

The appeal should be dismissed, with costs and disbursements against the appellant.

All concurred.

Appeal dismissed, with costs.