(63 App. Div. 488.)

In re RICHMOND.

(Supreme Court, Appellate Division, Fourth Department.   July 23. 1901.)

1. ADMINISTRATORS AND EXECUTORS—ADMINISTRATOR'S RIGHT TO APPEAL.
     Under Code Civ. Proc. § 1294, providing that the only party entitled
to appeal from a judgment, decree, or order is the one aggrieved thereby,
an administrator with the will annexed of an estate partially adminis-
tered by a deceased executor is not entitled to appeal from a decree set-
tling the accounts of the deceased executor in relation to a trust fund, and
determining whether the will operated to convert realty into personalty,
where the beneficiaries were all of age, and represented at the account-
ing, but did not appeal.

2. SAME—JURISDICTION OF SURROGATE'S COURT.
     Under Code Civ. Proc. § 2606, prescribing that, where an executor
dies, the surrogate's court has the same jurisdiction to compel an ac-
counting by his executor which it would have against the decedent if his
letters had been revoked by surrogate's decree, the surrogate's court
has jurisdiction of a proceeding to determine the nature of the estate
and the situation of the same as between the legatees and the benefi-
ciaries of the testator, and its decision is final as to the administrator
with will annexed.

3. SAME—AWARDING COSTS—DISCRETIONARY.
     Under Code Civ. Proc. § 2558, making the award of costs in a decree
in the discretion of the surrogate, the award of the surrogate will not be
set aside in the absence of clear proof of the abuse of his discretion.

Appeal from surrogate's court, Herkimer county.

Proceedings for the judicial settlement of the accounts of Seth
M. Richmond, deceased, as executor and trustee of the will of Chris-
topher B. Leigh, deceased.   From the decree of the surrogate's court,
Rollin H. Smith, administrator with the will annexed of Christopher
B. Leigh, appeals.   Affirmed.

On the 28th day of June, 1882, one Christopher B. Leigh departed this life,
leaving a last will and testament, in and by which he nominated and ap-
pointed one Seth M. Richmond the sole executor thereof, with power to sell
and convey real estate and to collect and receive rents.   Among the provi-
sions of such will was the following, viz.:   "I give, devise, and bequeath to
my executor, Seth M. Richmond, seven thousand dollars, to receive the rents,
issues, and profits thereof, and to apply the same to the use of my brother.
Peter Leigh, and in the discretion of my executor such part of the principal
as may be necessary to his support; the remainder after the death of my
said brother to be divided equally between my sisters, Rachel Shehe,
Lavina C. Burnett, and Melissa Petrie, and my nephew Alvin Leigh, equally
one-fourth to each."   This provision was followed by some specific bequests,
and then by a residuary clause the testator directed "that the rest, residue,
and remainder of my estate be divided as follows, equally; that is, one
share to my sister Lavina, one share to my sister Melissa, one share to my
sister Rachel, one share to my nephew Alvin Leigh, one share to my neph-
ews Charles Vosburgh and James T. Leigh; the whole to be divided into (6)
six equal shares."   In due time the will was admitted to probate, and on the
2d day of August, 1882, letters testamentary were issued to the executor
therein named, who thereupon entered upon and continued in the perform-
ance of his duties until August 27, 1895, when he departed this life, leaving
a last will and testament, in and by which the respondent Charles King was
nominated and appointed the sole executor thereof.   Subsequently such
executor duly qualified, and entered upon the discharge of his duties, and
on the 30th day of March, 1896, letters of administration with the will an-
nexed upon the estate of Christopher B. Leigh were duly issued to the appel-
lant, Rollin H. Smith.   Prior to his death, and on the 3d day of February,
1895, Seth M. Richmond drew his check for $7,000, as executor of Christopher

B. Leigh, to the order of S. M. & A. Richmond, of which firm he was a member, and the active manager; and for this sum he made a note in the name of the firm, payable to himself as executor, and bearing interest at the rate of 4 per cent. Immediately thereafter he indorsed such check in the firm name, and placed it to the credit of the firm in the Little Falls National Bank, of which bank he was the president and active manager. Shortly after his appointment as administrator with the will annexed, the appellant, Smith, petitioned the surrogate's court of Herkimer county for a citation requiring King, as executor of Seth M. Richmond, to render an account of his proceedings as such executor, and likewise of the proceedings of his testator as executor of Christopher B. Leigh. As soon as this petition was filed, King filed a petition of his own for an accounting and judicial settlement of the accounts of Seth M. Richmond as executor of the estate of Christopher B. Leigh, deceased. Citations were duly issued to all the legatees and persons interested in the Leigh estate, and upon the return of such citations all such parties appeared either in person or by counsel. The account of King, as such executor, was duly filed, as were likewise certain objections thereto, and, after some formal testimony had been taken, a reference was ordered, to take such additional evidence as might be necessary, and to report the same, together with the opinion of the referee. On the 29th day of June, 1899, the referee made and filed his report, in and by which he found, among other things, that the $7,000 had been loaned to the firm of S. M. & A. Richmond, in the manner above specified; that such loan was so made without the knowledge or consent of Peter Leigh, or any other person interested in the estate of Christopher B. Leigh; that the same was illegal and improper, and that by reason thereof the sum so loaned had never been properly or legally set apart by Seth M. Richmond from the money or property belonging to the estate of Christopher B. Leigh. This report was subsequently confirmed by the surrogate's court, which also made some additional findings, and as a conclusion of law decided that the estate of Seth M. Richmond was indebted to Rollin H. Smith, as administrator with the will annexed of Christopher B. Leigh, in the sum of $12,388.13, which sum includes the loan to the firm of S. M. & A. Richmond, together with interest thereon, amounting in all to $8,287.62. Thereafter, and on the 7th day of March, 1900, a decree was duly entered in accordance with such report and findings, and from that decree Rollin H. Smith, as administrator with the will annexed, duly appealed. An appeal was also taken from the order of July 19, 1889, wherein the fees of the referee and stenographer employed upon the reference were allowed and taxed, and directed to be paid by Rollin H. Smith, as administrator with the will annexed. Before the entry of such decree, Peter B. Leigh died. The respondent M. G. Bronner was duly appointed trustee of the trust fund of $7,000, and all the legatees, except such as were entitled to the residuum of that fund, were paid in full.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

C. J. Palmer, for appellant.
J. D. Beckwith, for respondent Bronner.
Eugene H. Shelton, for other respondents.

ADAMS, P. J. The main grounds upon which the appellant rests his appeal are: (1) That the surrogate's court erred in holding that Richmond, the former executor and trustee, did not set aside and separate from his testator's estate the corpus of the trust fund of $7,000; and (2) in further holding that by the provisions of the will of Christopher B. Leigh there was such an equitable conversion of the latter's real estate into personalty as authorized and required the executor to collect rents and sell the realty, and to apply the same, or the proceeds thereof, to the payment of legacies. These two propositions certainly present some interesting questions, but,

in our opinion, it will be unnecessary to determine, or even discuss, them, inasmuch as the appellant is in no position to insist upon their review by this court. The only party entitled to appeal from a judgment, decree, or order is the one who is aggrieved thereby (Code Civ. Proc. § 1294), and we fail to see how the appellant, as the representative of the Christopher B. Leigh estate, is in any wise injured by the decree from which he has appealed, or how, in any legal sense, he is concerned in the question of whether or not the trust fund of $7,000 was legally and effectually set apart by his predecessor, or whether the will of Christopher B. Leigh operated to convert the real estate of the testator into personalty. The only persons having any direct interest in the determination of these questions are the legatees and beneficiaries named in the will. All these persons are of full age. They were made parties to and appeared upon the accounting, and, as none of them has joined in the appeal, it must be assumed that they acquiesce in the decree of the surrogate's court, which, in effect, settles and determines their rights and interests as between themselves. It was the undoubted duty of the appellant, as administrator with the will annexed of Christopher B. Leigh, to call upon the executor of Seth M. Richmond to render an account of his proceedings and of the proceedings of his testator, and to that end to bring all persons interested in such accounting into the proceeding; but, having done this, he was, in the circumstances of this case, under no further duty in their behalf, and the two propositions which he is now seeking to have determined by this court are, as to him, mere abstract questions, and consequently, within well-settled principles, not reviewable by this court. Hyatt v. Dusenbury, 106 N. Y. 663, 12 N. E. 711; Bryant v. Thompson, 128 N. Y. 426, 28 N. E. 522, 13 L. R. A. 745; In re Hodgman's Estate, 140 N. Y. 421, 35 N. E. 660. That an appeal will not lie from a judgment which does not injuriously affect the party appealing is a proposition the correctness of which is not disputed by the appellant. But it is asserted that in this particular instance the surrogate's court was without jurisdiction to adjudicate either of the questions now sought to be reviewed; that, its judgment being void, it affords no protection to the appellant; and that, consequently, he has the right to appeal in order to rid himself of the same. This proceeding was instituted to require an executor of a deceased executor to account for and turn over the trust estate to the petitioner, and for the purpose of such an accounting the surrogate's court had precisely the same jurisdiction it would have had if the letters of the deceased executor had been revoked during his lifetime, and he had been called upon to deliver up the assets remaining in his hands. Code Civ. Proc. § 2606; In re Clark, 119 N. Y. 427, 23 N. E. 1052; In re Wiley, 119 N. Y. 642, 23 N. E. 1054. In other words, the surrogate's court has the same jurisdiction to compel an accounting "which it would have upon the petition of a creditor or person interested in the estate if the term of office conferred by the letters had expired by its own limitation." Code Civ. Proc. § 2605. An accounting of this nature is a judicial settlement, and by it are determined not only the validity and cor-

rectness of the executor's account, and the various items thereof, but also all matters which are necessarily related thereto. Id. § 2481, subd. 345; Id. § 2743. In short, the surrogate's court has general jurisdiction "to administer justice in all matters relating to the affairs of decedents, according to the provisions of the statutes relating thereto" (Id. § 2472, subd. 6), and also "such incidental powers as are necessary to carry into effect the powers expressly conferred" (Id. § 2481, subd. 11). Thus it has been held that, when all the parties in interest are present, it has authority to construe the provisions of a will, and to determine their meaning and validity, whenever necessary in order to make a decree as to distribution. Garlock v. Vandevort, 128 N. Y. 374, 28 N. E. 599; In re Verplanck, 91 N. Y. 439. In like circumstances it has the power to determine the rights of conflicting claimants to a legacy (In re Havens, 8 Misc. Rep. 574, 29 N. Y. Supp. 1085), or to pass upon a disputed legacy (Tappen v. Methodist Episcopal Church, 3 Dem. Sur. 187), or to construe an antenuptial agreement (In re Young's Estate, 92 N. Y. 235). As was said by Gray, J., in the Garlock Case, supra, jurisdiction to determine questions such as these "is one which is incidental to his [the surrogate's] office, and which flows from the authority conferred upon him by the statute. See section 2472, Code Civ. Proc. Subdivisions 3, 4, and 5 of the section of the Code cited would have little meaning and force if such a judicial exercise of the surrogate's authority were not impliedly granted." It seems to us quite plain that, in order to satisfactorily ascertain the amount of the Christopher B. Leigh estate remaining in the hands of his deceased executor, or as to which the executor was chargeable, it was both proper and necessary that the nature of that estate and the situation of the same as between the legatees and beneficiaries of the testator should be established and determined; and, if so, then, within the authorities above cited, the court below acquired jurisdiction of all matters thus far considered, and its decision thereof was final as to the appellant.

But it is further contended that certain allowances by way of costs made upon the accounting were inequitable, unjust, and illegal, and this, doubtless, is a matter which does concern the appellant, and therefore one which he is entitled to have reviewed by this court. These allowances embrace the fees and expenses of the referee and stenographer, amounting in the aggregate to $764.26, and certain other allowances awarded to the various parties by way of counsel fees, which amount in the aggregate to the sum of $695, both of which sums are directed to be paid by the appellant out of moneys in his hands belonging to the estate of Christopher B. Leigh. There are also other allowances which are made payable out of the estate of either Seth M. Richmond or Alvin Richmond, but as to these the appellant cannot, of course, be heard to complain. The accounting was a long, tedious affair, and the amounts awarded to the several parties do not seem to us unreasonable in view of the somewhat weighty issues involved, and the time expended in litigating the same. The awarding of costs was entirely within the discretion of the surrogate's court (Code Civ. Proc. § 2558), and the amounts award-

ed by him were apparently warranted by the affidavits and other information upon which such award was based (*Id.* § 2561). In these circumstances we should hesitate to interfere with the surrogate's discretionary power, even if we thought it had not been in all respects wisely exercised. The sum of our conclusion, therefore, is that the decree and order of the surrogate's court should be affirmed.

Decree and order of the surrogate's court affirmed, with costs, payable out of the estate of Christopher B. Leigh. All concur.