### HEIST v. HEIST et al.

(Supreme Court, Appellate Division, Second Department. July 29, 1910.)

EXECUTORS AND ADMINISTRATORS (§ 455*)—ACTIONS—APPEAL.

In an action to determine the validity of a certain will, the executrix was enjoined from disposing of the estate during the pendency of the action. *Held*, that individually she had no standing to appeal from such order.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 1930; Dec. Dig. § 455.*]

Appeal from Special Term, Kings County.

Action by Kate Heist against Mary Heist, as executrix, and others. From an order of injunction, defendant Heist individually appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and CARR, JJ.

David M. Neuberger, for appellant.
Samuel Berzick, for respondent.

WOODWARD, J. This action is brought under the provisions of section 2653a of the Code of Civil Procedure to determine the validity of the last will and testament of Philip Heist, deceased. The defendant Mary Heist appears to have been sued in her capacity of executrix under the will, as well as in her individual capacity, and it is not disputed that prior to the commencement of this action her accounts were judicially settled by the surrogate, and that she had fulfilled all of the provisions of the decree, and had become a trustee under the provisions of the will. The plaintiff secured a preliminary injunction, and this preliminary injunction has been continued by the order here appealed from.

By the terms of this order the defendant Mary Heist, "who formerly held as executrix of the last will and testament of Philip Heist, deceased, has since been discharged as said executrix, and is now hold-

ing the same as trustee," with "David M. Neuberger as her attorney, and all the defendants herein, be and they hereby are restrained from in any way disposing of and expending any part of the sum or sums now in the possession of the said Mary Heist, as executrix or trustee under the said alleged will, and from beginning any action for the collection of any of the legacies under the said alleged last will and testament," etc., but provides that the said Mary Heist, as a devisee under the said alleged last will and testament of Philip Heist, may "take for her own use and benefit any income accruing from the said money or moneys now in her hands to the credit of said estate and pursuant to the provisions made in the said alleged will of Philip Heist, deceased."

Mary Heist, as executrix or trustee, does not appeal from the order. She appeals only in her individual capacity, and it does not appear that she is aggrieved by the order, which relates merely to the funds in her hands as executrix or trustee under the will. Mary Heist individually has no standing to appeal from this order, and in her capacity of executrix or trustee she does not appear to be aggrieved. The order merely restrains her in her representative capacity from disposing of the funds of the estate during the pendency of the action, which is brought for the purpose of determining whether the will is a valid will. All of her individual and representative rights will be before the court in the action, and until that is disposed of there is no way of determining whether she has any representative rights. Matter of Coe, 55 App. Div. 270, 66 N. Y. Supp. 784. The order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.