In re HELDMAN'S ESTATE.

HOURT v. WEIGART.

(Supreme Court, Appellate Division, Fourth Department.  May 8, 1912.)

1. EXECUTORS AND ADMINISTRATORS (§ 315*)—DISTRIBUTION—PERSONS EN-
TITLED—NEXT OF KIN.

Where the court found in proceedings by an administratrix for the final
settlement of the estate that there was no valid gift of intestate's prop-
erty as claimed, the decree properly directed distribution of the estate
after payment of debts to decedent's next of kin.

[Ed. Note.—For other cases, see Executors and Administrators, Cent.
Dig. §§ 1298–1314;  Dec. Dig. § 315.*]

2. EXECUTORS AND ADMINISTRATORS (§ 510*)—FINAL ACCOUNTING—APPEAL—
"PARTY AGGRIEVED."

Where, in proceedings for a final accounting by an administratrix, the
only issue was whether the alleged donee of all of intestate's property or
the next of kin were entitled thereto, and the decree directed payment of
the property to the next of kin, the administratrix was not a "party ag-
grieved" within Code Civ. Proc. § 2568, giving a party aggrieved the right
to appeal from a surrogate's decree, and the administratrix would not be
entitled to appeal even if a valid gift by way of trust had been established
under which the administratrix was trustee for the donee;  the purpose
of the trust having been accomplished.

[Ed. Note.—For other cases, see Executors and Administrators, Cent.
Dig. §§ 2235–2256;  Dec. Dig. § 510.*

For other definitions, see Words and Phrases, vol. 1, pp. 273–278; vol.
8, pp. 7569, 7570.]

3. EXECUTORS AND ADMINISTRATORS (§ 510*)—FINAL ACCOUNTING—APPEAL—
QUESTIONS PRESENTED.

An appeal by an administratrix as such from a decree in a proceeding
by her for a final accounting could not raise for review any question as
to her right to the fund as trustee under a gift made by intestate.

[Ed. Note.—For other cases, see Executors and Administrators, Cent.
Dig. §§ 2235–2256;  Dec. Dig. § 510.*]

Appeal from Surrogate's Court, Erie County.

Final accounting by Franciska Hourt as administratrix of George
Heldman, deceased.  From a decree settling the account and directing
final distribution, the administratrix appeals.  Appeal dismissed.

Appeal by Franciska Hourt, as administratrix, etc., of George Heldman, de-
ceased, from the amended decree of the Surrogate's Court of the county of
Erie, entered in the office of the surrogate of that county on the 10th day of
August, 1910, judicially settling her accounts as administratrix, and directing
distribution and payment by her of the funds of said estate remaining in
her hands as such administratrix.  The various proceedings by which all par-
ties having an apparent interest in the estate of the deceased were brought in-
to court as parties to the proceedings, which resulted in the amended decree
from which this appeal is taken, finally developed by consent of all the parties
into the usual proceeding for the final judicial settlement of an administrator's
account, in which certain issues of fact were presented to the court for de-
termination, which were by consent duly referred to a referee, "to inquire in-
to and examine said account and answer thereto, to hear and determine all
questions arising upon the settlement of said account and answer thereto
which the surrogate has power to determine, and to make report thereon, sub-
ject, however, to confirmation and modification by the surrogate."  All par-
ties interested in the estate of the decedent appeared and were represented by

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

their several attorneys, both on the hearings before the referee and on the application to the Surrogate's Court for confirmation of the referee's report. The report was confirmed, and distribution of the estate directed, by the amended decree made thereon. All of the parties are of full age. The administratrix alone filed exceptions to the referee's report, and is the only party who has appealed from the decree.

Argued before McLENNAN, P. J., and SPRING, KRUSE, ROBSON, and FOOTE, JJ.

John F. Mueller, of Buffalo, for appellant.

George H. Wade (Harry Forrester, on the brief), both of Buffalo, for respondent.

ROBSON, J. Decedent's only property was a deposit to his credit in the Buffalo Savings Bank. The principal issue litigated in the proceedings was whether he had made a valid gift, either causa mortis or inter vivos, of this deposit for the benefit of one George Troppman, an illegitimate son of decedent, after the payment therefrom of "all expenses." This issue was found adversely to the claim that there was any such gift.

The appellant, Franciska Hourt, on her petition as a creditor of the decedent, had been appointed the administratrix of his estate; and her accounting shows that all debts and expenses have been paid by her, and she has received credit therefor. If there had been a valid gift as claimed, then George Troppman would have been entitled to the residue of the fund, and payment thereof to him would necessarily have been directed by the decree.

[1] It having been found that there was no valid gift, the decree properly directed payment of the residue of the estate to the party to the proceedings, who was shown to be the sole next of kin of the decedent. Which one of these two parties was entitled to this fund was the litigated question determined by the decree; and the rights of no other party were concerned in or affected by its determination. Neither of these parties has appealed from the decree.

[2] By section 2568 of the Code of Civil Procedure the right to appeal from a decree of the Surrogate's Court is given only to a "party aggrieved" thereby. As administratrix, appellant was in no way injured, or her rights jeopardized, by the direction of the decree to pay the residue of the estate to the next of kin instead of the person claiming as the donee of the gift. She was therefore not a party "aggrieved." Matter of Hodgman, 140 N. Y. 421, 35 N. E. 660; Matter of Richmond, 63 App. Div. 488, 71 N. Y. Supp. 795; Isham v. New York Ass'n for the Poor, 177 N. Y. 218, 69 N. E. 367; Matter of Coe, 55 App. Div. 270, 66 N. Y. Supp. 784.

Counsel for appellant claims, however, that the appellant's interests as trustee for the ultimate beneficiary under the alleged gift are affected by the decree; and that therefore she is, as trustee, a person aggrieved by the decree. But, even if the gift had been established as claimed, appellant as trustee would have had no direct personal interest in the ultimate disposition of the residue of the fund. That was a matter of personal concern only to the illegitimate son, the cestui que trust. As has already been pointed out, had a valid gift

been established, the decree would properly have directed payment to the ultimate beneficiary of the gift of the balance of the fund then remaining; it appearing that the purpose of the trust had been accomplished. The real beneficiary does not complain of the disposition of the fund directed by the decree. Under these circumstances, appellant as a trustee is not a party aggrieved by the decree. Bryant et al. v. Thompson, 128 N. Y. 426, 28 N. E. 522, 13 L. R. A. 745; Isham v. N. Y. Ass'n for the Poor, supra.

[3] Another sufficient answer to this suggestion of appellant is that she appeals in no other capacity than as administratrix. Such an appeal would not properly bring up for review even a question involving the determination of a right in the estate personal to her which was not dependent upon her relation to the estate as administratrix. Mater of Mayer, 84 Hun, 539, 32 N. Y. Supp. 850.

The appeal should be dismissed. All concur.

Appeal dismissed without costs to either party.