In the Matter of the Estate of FREDERICK S. BEECROFT, Deceased.

Surrogate's Court, Queens County, April 7, 1932.

*M. M. Greene,* for the petitioners.

*William Rasquin, Jr.,* special guardian.

*John P. Lamerdin,* for Patrick J. Murphy and William H. Weir.

HETHERINGTON, S. The testator at the time of his death on January 9, 1931, was the owner of forty-six shares, out of an authorized issue of fifty shares, of the capital stock of the Falcon Trucking and Forwarding Co., Inc. It is described as a " close " corporation, and one whose business was highly profitable for several years immediately preceding his death. While he was practically the sole owner of the business, it seems that several employees of the corporation, who are named as beneficiaries in his will, contributed in no small degree to its success. Faithful and fruitful service rendered by them in the past appears as a reasonable explanation for the provisions made for and the proposals extended to them in his will. However, business conditions prevailing now and since his death, have made them reluctant to take advantage of the proposals so extended, unless the terms and conditions imposed by him are modified and alleviated. The

executors and trustees, doubtful of their power to deviate from the terms of the will, petition the court for a construction of certain of its provisions, and at the same time seek judicial approval of a proposed contract for the sale by them to the employees — beneficiaries of thirty-six shares of the said stock owned by the testator. Ignoring for the present the questions raised as to the rights of the widow, the priority of payment and abatement of the several legacies, we find the major problems presented by this application are, *first*, whether or not the petitioners may sell all or part of the testator's stock to the persons named in his will, at a price less than that prescribed therein, and *second*, if it be determined that they have such power, whether the court will approve or disapprove the proposed contract of sale.

The testator died January 9, 1931, leaving a will dated January 7, 1929, and a codicil dated April 15, 1930, which were probated in this court on January 22, 1931. In his will he gives $1,000 to his sister, $20,000 to his daughter Florence, and one share of stock of the Falcon Trucking and Forwarding Co., Inc., to each of the following employees thereof: Patrick J. Murphy, William H. Weir, his said daughter and James Nelson Cooke, a grandson. In the fifth paragraph he authorizes, empowers and directs his trustees to enter into an agreement with the said four employees and legatees for the sale to them in designated amounts of his remaining forty-two shares of capital stock of said corporation for the total sum of $75,000. Payment may be made by the vendees, either by direct payment of their proportional part of the total purchase price, or out of future dividends paid on the stock. Elaborate provisions are made with respect to default and other contingencies, which are not material to a disposition of the questions presented. The sale paragraph concludes with the following provision: " My said trustees and my said attorney are hereby empowered to make any changes or amendments in the said contract for the sale of my said stock, if deemed by them necessary for the preservation and best interests of my estate." The seventh paragraph authorizes the executors and trustees to sell at public or private sale, and upon such terms and conditions as may to them seem just or proper, all of the property of the testator.

The " vendees " mentioned in the will have declined to purchase at the price or upon the terms prescribed by the testator, although they are now willing to purchase a lesser number of shares, but at a price per share which is approximately $500 less than that fixed by the decedent. They have evidenced their willingness to do so by signing an agreement with the petitioners to purchase thirty-six shares for $45,450, which, except for a down payment of $9,000,

is to be paid in the manner prescribed by the will. It is this agreement which the petitioners seek to have the court approve.

In my opinion the naming of a definite sales price by the testator is neither a prohibition nor a limitation upon the power of his legal representatives to sell all or a part of his stock at a price less than that prescribed in the will. The testator undoubtedly expected that his corporate undertaking would continue to flourish, but at the same time he must have contemplated that conditions might arise which would affect the value of his stock. It is unreasonable to assume that by fixing a price he intended, in spite of adverse business conditions, that his executors and trustees should stand by and do nothing while a substantial asset of his estate was being fritted away. No matter what price he fixed, the value of his stock was what a willing purchaser would pay. The concluding paragraph of the one providing for the sale, wherein he authorized his executors and trustees " to make any changes or alterations in the said contract for the sale of my said stock, if deemed by them necessary for the preservation of my estate," indicates that the testator contemplated the possibility of a situation arising which would justify his representatives disposing of his stock at a price different than that described in his will. To hold that the foregoing language barred any change in the price would be in effect saying that this testator, who had the ability to build up a profitable business, intended from mere vanity that his legal representatives should persist in fruitless negotiations with designated persons unwilling to pay more than what they considered a reasonable price, until the worth of his holdings was destroyed by a competing business organized and conducted by some or all of the very persons who refuse to purchase upon his terms. Even if there were no express authority to vary the price, or a prohibition on selling at a price less than that prescribed by the testator, the equitable power of the court may be invoked in emergencies, to protect the beneficiaries of a trust from serious loss, or a total destruction of a substantial asset, which upon conversion forms the corpus of a trust. The dangers here presented justify reading into the will an implied power of sale. (*Matter of Pulitzer*, 139 Misc. 575; *Matter of Wander*, 141 id. 585.) The petitioners having, therefore, full power and authority to sell the stock, if they deem such course advisable for the best interests for the beneficiary of the trust, must do so on their own responsibility. The sale of the stock at the figure proposed or any other figure involves the exercise of judgment on a business matter, and upon which the court will not undertake to give any advice or direction. If the petitioners feel that further retention is prejudicial to the best interests of the beneficiaries, it is their

duty to sell for a fair price and on the best terms obtainable. (*Matter of Wander, supra.*)

Inasmuch as a proper disposition of the other questions presented by this application will depend largely upon the amount of the testator's estate, I feel that they should be reserved for and determined in the accounting proceeding. The application is granted to the extent indicated. Proceed accordingly.