In the Matter of the Estate of FREDERICK S. BEECROFT, Deceased.

Surrogate's Court, Queens County, January 31, 1933.

*M. M. Greene*, for the petitioners.

*John P. Lamerdin*, for Florence C. Myers.

*William Rasquin, Jr.*, special guardian.

HETHERINGTON, S. In a prior application for a construction of the decedent's will, a determination of the questions now presented was reserved until an accounting was had (143 Misc. 637). It now appears from the accounting made by the executors that they

have contracted to sell thirty-six shares of the capital stock of the Falcon Trucking and Forwarding Company, Inc., owned by the decedent, to the several persons mentioned in the fifth paragraph of his will, for the sum of $45,450. Part payment has been made and the balance is to be paid by the application of dividends declared on the stock. The stock constituted the major portion of the decedent's estate. However, it now appears that his estate is insufficient to pay the legacies in full, unless resort for their payment can be had to the proceeds of sale of the stock. Their disposition is the major problem of those now requiring consideration, and naturally must be governed by the testator's will. After providing for the payment of his debts and funeral expenses, the testator gave a legacy of $1,000 to his sister. By his codicil he confirmed this legacy, and in addition gave her an annuity of fifty dollars a month, which continues until the termination of a trust created for his wife under the sixth paragraph of his will. Provision is also made for legacies to four of his employees of one share each of the capital stock of the Falcon Trucking and Forwarding Company, Inc. In the fourth paragraph he gives to his daughter Florence a pecuniary legacy of $20,000, and in a subsequent paragraph empowers and directs his trustees in making payment thereof to turn over to her, in lieu of cash, certain stocks or securities which he might then have in corporations therein specifically mentioned, at a value based upon the market price thereof at the time of payment. In the fifth paragraph he authorizes, empowers and directs his trustees to enter into an agreement with certain of his employees for the sale to them in designated amounts of forty-two shares of capital stock of the above-mentioned corporation for the sum of $75,000. After providing for the manner of payment and default, the testator directs with respect to the sale proceeds as follows: " All or any part of said $75,000.00 so paid is to become part of the principal of my estate and is to be invested and administered for the uses and purposes as defined in paragraph ' sixth ' below." He further provides that, in the event of certain of the purchasers dying or severing their connection with his company, the said shares which would have become the property of such persons, " shall become the property of my estate and become part of the principal thereof, to be administered for the benefit of my wife, or if she shall predecease me, then, for the benefit of my children, as directed in paragraph ' sixth ' below." The sixth paragraph, in so far as material, provides as follows: " All the rest, residue and remainder of. my estate, both real and personal, wherever situate, as well as the proceeds of the trust created in paragraph numbered ' fifth ' above, I give, devise and bequeath to my executors and trustees

hereinafter named, in trust," to pay the net income to his wife during her life, " which provision shall be in lieu of all dower and thirds to which she might otherwise be entitled." In the event that the income is insufficient to maintain the widow, the trustees are empowered in their discretion to resort to the principal. Upon the death of the widow, " the balance of the principal of said trust fund," except for a legacy of $1,000 to a grandchild, is to be delivered and paid over to his daughters, or in the event of their prior death to their children. While it is apparent that the testator's primary concern was his widow, nevertheless, if the trust provision for her benefit can only be established out of the residue, she will receive nothing. Such a construction should not only be avoided, but in my judgment would do violence to his expressed intention. It is claimed on behalf of the daughter that her mother's interest is confined solely to a trust of the residue, and that there can be no residue until all the debts and legacies are satisfied. However, it appears to me that when the fifth and sixth paragraphs are read together the testator intended that his widow should be the beneficiary of two trust provisions, one of the sale proceeds, and the other of the general residue. The fifth paragraph plainly indicates the creation of a separate fund, and while it may not prescribe the administration of the fund with as great a detail as set forth in the sixth paragraph, the testator's reference to the latter paragraph plainly indicated that it should be set up and administered in the same manner as the trust fund of the general residue. The mere reference to the sales proceeds in the sixth paragraph did not make them part of the residue. The fact that the executors were unable to sell the number of shares or receive the sale price directed by the testator does not free the proceeds received by them from the trust conditions imposed by him. I am, therefore, of the opinion that the sale proceeds should be used to set up a trust fund for the widow's benefit, to be administered and disposed of as provided in the sixth paragraph with respect to the residue. Although a preference for the widow cannot be sustained on the theory that the trust provision was made in lieu of dower, because the testator owned no realty at his death, nevertheless, I feel that, on account of her relationship and dependency to the testator, the trust provision for her benefit of the sale proceeds must be given preference over the general legacies.

The direction contained in the eighth paragraph of the will for the payment of the daughter's legacy of $20,000 in certain securities in lieu of cash, does not make it demonstrative. The testator did not point out a particular fund out of which the legacy was to be satisfied, but merely intended that if he died possessed of certain

enumerated securities, his executors could avoid liquidation and pay in kind rather than in cash. This legacy as well as the legacy to a sister are general legacies, and must abate *pro rata* in the event of an insufficiency of assets. The annuity of fifty dollars a month given to decedent's sister is chargeable upon principal as well as income, but as it must be regarded as a general legacy, it is likewise subject to abatement. The legacies of the stock provided for in paragraph third are specific. The fact that the testator owned practically all of the capital stock of the corporation, coupled with its non-public character, brings the gift within the rule laid down in *Matter of Security Trust Company* (221 N. Y. 213) and *Matter of Mitchell* (114 Misc. 370). The objections of the special guardian and those of Florence C. Myers are accordingly overruled.

Submit decree on notice construing will, settling account and directing distribution accordingly.