SHERMAN EWING, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 93013.   Promulgated November 15, 1939.

*Russell G. Rogers, Esq.*, for the petitioner.
*Frank M. Thompson, Esq.*, for the respondent.

## OPINION.

VAN FOSSAN: The question in this case is the basis for computing gain or loss to the petitioner on the sale of certain of the securities received as above set out. Petitioner contends:

(1) The legacy was general and not specific, citing *Kenaday* v. *Sinnott*, 179 U. S. 606; *Matter of Hodgman*, 140 N. Y. 421; *Matter of Beecroft*, 146 Misc. 344.

(2) Petitioner acquired the securities by purchase on December 16, 1933, and not by "bequest, devise or inheritance", citing *Matheson* v. *Commissioner*, 31 B. T. A. 493, affd., 82 Fed. (2d) 380; and *Suisman* v. *Eaton*, 15 Fed. Supp. 113, affd., 83 Fed. (2d) 1019; certiorari denied, 299 U. S. 573.

(3) Petitioner's proper basis for computing gain or loss on the sale of such securities was their cost to him on December 16, 1933, not their values at the date of the death of decedent (February 8, 1933).

Respondent contends that the securities were acquired by bequest and that the basis on sale by the beneficiary is the fair market value of the same at the date of death of decedent.

In a recent case, *William R. Kenan, Jr., et al., Trustees*, 40 B. T. A. 824, we had for consideration the question of gain or loss to the fiduciary in a situation where the fiduciary was directed by will to pay the legatee $5,000,000 when she attained the age of 40, with authority to substitute securities of equal value at the date of payment. We held that taxable income is realized if the fiduciary uses the securi-

ties, the value of which at the time of payment is in excess of their basis to the estate. It was further held, following *Suisman* v. *Eaton*, 15 Fed. Supp. 113; affirmed, *per curiam*, 83 Fed. (2d) 1019; certiorari denied, 299 U. S. 573; rehearing denied, 299 U. S. 621, that the disposition is a "sale or other disposition" and that the discharge of the right of the legatee is the amount realized.

Albeit in the *Kenan* case the Board, not there having the question of basis to the beneficiary, refrained from ruling on that question, the logic of the opinion and the observations of the Board in mooting the question indicate clearly that, as a corollary to that decision, petitioner here must be sustained. We quote:

\* \* \* The beneficiary received a bequest of $5,000,000 in cash which could be paid in an equivalent of securities and did not receive a bequest of any securities. Her acquisition of the securities was unlike that of a residuary legatee or heir whose title relates back to that of the testator and who is affected by any change in value of the property. There is reason to give the latter taxpayers the basis of value at the date of death of the testator. The situation of the beneficiary here is quite different and perhaps her basis is the value of the securities when she acquired them in satisfaction of her claim against the trust for cash or its equivalent. Perhaps then for the first time they were appropriated for such use and then for the first time she acquired any interest in them.

The question which was reserved in the *Kenan* case, being here presented, we hold that, under the facts stated, the basis to the beneficiary for computing gain or loss on the subsequent sale of securities received in satisfaction and discharge of the legacy of $300,000 was their cost to him, i. e., the fair market value of such securities as determined on December 16, 1933, the date when petitioner acquired them from the executor. The legacy was general and not specific. The transaction by which petitioner acquired the securities was a "sale or other disposition." Sec. 111, Revenue Act of 1934; *Suisman* v. *Eaton, supra.* The securities were not "acquired by bequest, devise, or inheritance" as provided by section 113 (a) (5) of the Revenue Act of 1934.

*Decision will be entered under Rule 50.*